OF THE

# STATE OF MISSOURI,

AT THE

## OCTOBER TERM, 1890.

*( Continued from Volume 102.)*

---

GARESCHÉ, *Appellant*, v. MACDONALD *et al.*

### DIVISION ONE.

103    1
125   342

103    1
77a 361

1. Sale: FRAUDULENT INTENT OF VENDOR: KNOWLEDGE OF VENDEE. A sale of land made with intent to prevent the collection of counsel fees allowed the defendant in a divorce proceeding is fraudulent as to the attorney to whom such allowance had been assigned, where the vendee had knowledge of such intent at the time of the purchase, notwithstanding he purchased exclusively for his own use and paid full consideration.

2. ———: ———: ———: PRACTICE. A petition charging that a conveyance is fraudulent because made without consideration and in trust for the grantee, under Revised Statutes, 1879, section 2496, and which also alleges that the grantee bought with knowledge of the intent on the part of the grantor to defraud his creditors under Revised Statutes, section 2497, is broad enough to admit of proof that the deed is fraudulent under either section, and failure to show that it is fraudulent under the former section would not preclude a recovery under the latter if warranted by the evidence.

3. **Fraud, When Inferred.** While fraud may be inferred when it is a legitimate deduction from all the facts and circumstances in evidence, it can never be presumed, and when a transaction under consideration consists as well with honest and fair dealing as with a fraudulent purpose, it will be referred to the better motive.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*J. M. Holmes* for appellant.

(1) Upon the facts proved the appellant was entitled to a decree. It was sufficient to show that the defendant Furlong sold the property in question with the intention of defrauding plaintiff thereby, and that such intention was known to defendant MacDonald at the time he purchased. The payment or non-payment of a consideration was immaterial. *Dougherty v. Cooper*, 77 Mo. 528; *Shelley v. Boothe*, 73 Mo. 74; *Frederick v. Allgaier*, 88 Mo. 598. (2) There was no such discrepancy between the case stated in the pleadings and the case made by the evidence, as would warrant a decree for defendant upon that ground. *Reed v. Bott*, 100 Mo. 62. (3) The amendment required, if any, being merely formal can be made in this court. *Crispen v. Hannovan*, 86 Mo. 168.

*Alex. J. P. Garesché* also for appellant.

(1) MacDonald bought with full knowledge of the suit and order of alimony. (2) *First.* An order for alimony is a valid judgment, and may be enforced by execution. *Second.* Though it should not be taxed as costs, yet the error as to form is too immaterial to justify a reversal. *Third.* Plaintiff cannot by dismissal impair its effect. These propositions are sustained by *Waters v. Waters*, 49 Mo. 386, which has never been overruled. Freeman on Ex. [2 Ed.] p. 183, sec. 82.

( 3 ) Without other proof than that MacDonald knew of the order of alimony and which is admitted, his title must yield to that of plaintiff, regardless of whether or not it was his intention to defraud plaintiff and although he may have paid the full value of the property. *O'Reilly v. Nicholson*, 45 Mo. 160 ; *Turner v. Babb*, 60 Mo. 350 ; *Savings Inst. v. Collonius*, 63 Mo. 294 ; *McIlwrath v. Hollander*, 73 Mo. 105. This doctrine of *lis pendens* in respect to these cases involving alimony takes a very wide range. In these the deed was made before suit brought, but annulled. *Livermore v. Boutelle*, 11 Gray ( Mass.) 219 ; *Nix v. Nix*, 10 Heiskel] ( Tenn.) 547 ; *Bailey v. Bailey*, 61 Me. 361 ; 2 Bish. on Mar. and Divorce [ 6 Ed.] 453 ; Wait's Fraud Con., sec. 110*n*, p. 177.

*M. Kinealy* and *Jas. R. Kinealy* for respondent.

( 1 ) The case made in the petition was abandoned on the trial and hence the petition was properly dismissed. *Reed v. Bott*, 100 Mo. 62 ; *Dixon v. Hill*, 5 Mich. 409 ; *Jordan v. Buschmeyer*, 97 Mo. ( 2 ) The order of December 9, 1885, for attorney's fees was void ; the court had no power to make it. *Waters v. Waters*, 49 Mo. 385. ( 3 ) The order of December 9, 1885, was interlocutory, and could not be enforced by execution issued on an order made after the dismissal of the suit. *Wright v. Wright*, 6 Texas, 31 ; *Tiffin v. Tiffin*, 2 Binn. 202. ( 4 ) The order of January 27, 1886, being, in effect, a judgment, can be read on the hearing of the cause in this court, to sustain the judgment of the court below. *Day v. New Lots*, 9 Cent. R. 442 ; *Stilwell v. Carpenter*, 62 N. Y. 639 ; *Rockwell v. Merriam*, 45 N. Y. 168 ; *Bank v. Enerie*, 2 Sand. ( S. C.) 718 ; *Jarvis v. Sewell*, 40 Barb. 449 ; *Catlin v. Grissler*, 57 N. Y. 373 ; *Burt v. Place*, 4 Wend. 524 ; *Richie v. Putnam*, 13 Wend. 524 ; *Dresser v. Brooks*, 2 Barb. 429 ; *Williams v. Wood*, 14 Wend. 126 ; *People v. N. Y.*, 7 How.

Pr. 81. (5) The order of December 9, 1885, was superseded, canceled and abandoned by virtue of the order of the court of January 27, 1886, and thereafter no execution could have been issued on it. (6) The order of January 27, 1886, could not relate back to the date of the order of December 9, 1885, so as to affect the title acquired by MacDonald under Furlong's deed to him. *McClannahan v. Smith*, 76 Mo. 428. (7) The order of January 27, 1886, so far as it allowed alimony, was void. *Waters v. Waters*, 26 Mo. ; *Brown v. Worthington*, 6 Am. Law Reg. (N. S.) 621. (8) An allowance of alimony does not constitute the wife a creditor within our statute concerning fraudulent conveyances. *Dunnock v. Dunnock*, 3 Md. Ch. 140–144 ; *Chas v. Ingalls*, 97 Mass. 530 ; Wait on Fraud. Convey., sec. 110, n. 1 ; *Bailey v. Bailey*, 61 Me. 364 ; *Burrows v. Purple*, 107 Mass. 435 ; *Livermore v. Boutelle*, 11 Gray, 217. (9) Furlong had a right to convey his homestead, and the conveyance was not fraudulent as to the creditors. *Davis v. Land*, 88 Mo. 436. (10) The evidence does not sustain the case attempted to be made on the trial. *Brenecke v. Miller*, 44 Mo. 112 ; *Dougherty v. Cooper*, 77 Mo. 528 ; *Violett v. Violett*, 2 Dana, 323 ; *Ratcliffe v. Trimble*, 12 B. Mon. 32.

BRACE, J.—This is an action to set aside a deed executed by defendant, John Furlong, on the ninth day of January, 1886, conveying to his codefendant MacDonald a lot or parcel of ground in the city of St. Louis described in the petition for the consideration of $2,000.

In the spring of 1885, the said John Furlong instituted in the St. Louis circuit court a suit for divorce against his wife, Ellen Furlong. The cause was heard on the thirteenth of November, 1885, and taken under advisement. On the ninth of December, 1885, the following order was made and entered of record in the case : "It is ordered that the defendant be allowed the

sum of $150 as counsel fees to be taxed as costs." And immediately thereafter the court being fully advised in the premises ordered and adjudged that plaintiff's bill be dismissed at his costs ; thereupon a motion for new trial was filed. On the ninth of January, 1886, Mrs. Furlong assigned said allowance to her attorney in the case, E. A. B. Garesché, the plaintiff herein.

On the twenty-seventh of January, 1886, the order of December 9, 1885, was modified by the court so as to read : "That the defendant herein be allowed the sum of $150, as and for alimony pending the suit, and it is considered by the court that the plaintiff pay said defendant within ten days said sum of $150, and that in default of such payment execution issue therefor."

On the twenty-eighth of January said allowance was registered in the abstract book as a judgment of said circuit court of date January 27, 1886. On the tenth of February, 1886, on motion of defendant and affidavits showing that the allowance had not been paid, execution was ordered. Execution issued on the twelfth of February, 1886, was levied upon the lot described in the petition and the same was thereafter sold and conveyed by sheriff's deed to the plaintiff for $125. On the twenty-fourth of February, 1886, the motion for a new trial was overruled. On the twentieth of March, 1886, the plaintiff having received his sheriff's deed for said lot instituted this suit.

The charge in the petition upon which the court is asked to set aside the deed of January 9 to MacDonald is as follows: "That at the date of said deed the realty it was intended to convey was the only property subject to execution owned or held by said John Furlong ; that the consideration of said deed was purely fictitious, no part thereof was paid to said John Furlong or intended to be paid and no part thereof has ever been received by said John Furlong or in his behalf ; and the only object of the parties to said deed (said

John Furlong and Robert S. MacDonald) was if possible by said instrument to circumvent and defeat the collection of said judgment against said John Furlong in favor of said Ellen Furlong ; and plaintiff avers the fact to be that the said conveyance was to and for the use of the said Furlong, and was made by him and accepted by the said MacDonald with the intention of hindering, delaying and defrauding plaintiff in the collection of said judgment ; that said deed casts a cloud upon the title of plaintiff, said Edmond A. B. Garesché, of, in and to the realty hereinbefore particularly mentioned and described, in this, that the said clerk of the said circuit court did not until after the execution of the said deed of Furlong to MacDonald in the 'abstract of judgment' register the said judgment so rendered in favor of said Ellen against John Furlong, so that ostensibly the said deed of Furlong to MacDonald takes precedence of the lien of said judgment, so rendered in favor of said Ellen against John Furlong, though the plaintiff charges the fact to be, and is prepared to show, that said MacDonald at and for some time prior to the execution of the deed to him, said MacDonald, by said John Furlong, he, said MacDonald, was in said divorce suit of John Furlong acting for and in behalf of said John Furlong as his, John Furlong's, lawyer, and that he, said MacDonald, well knew of the existence of said judgment in favor of said Ellen Furlong against said John Furlong.''

The defendants answering separately denied the allegations of the petition, averred the *bona fides* of the conveyance to MacDonald for a valuable consideration, and averred that at the time of the said conveyance Furlong was the head of a family ; that the lot conveyed was his homestead and exempt from sale under execution. The court found the issues for the defendants, dismissed the bill and the plaintiff appeals.

The evidence shows conclusively that the defendant upon the execution of the deed to him paid Furlong

$2,000, the consideration therein mentioned; that that was a full, fair value for the property and that there was no agreement or understanding between the parties secret or otherwise by which Furlong was to retain any interest whatsoever in the property. The trial court so found, and upon that finding dismissed the bill. The plaintiff, conceding that this finding is warranted by the evidence, contends that, although the defendant Mac-Donald purchased the property absolutely for his own use and paid full consideration therefor, nevertheless if Furlong sold the property in question to him for the purpose of defeating plaintiff in the collection of said allowance and MacDonald had knowledge of such intention at the time he purchased, then the deed is fraudulent as against the plaintiff, and should have been so held by the court. This position is sustained by the following authorities: *Shelley v. Boothe*, 73 Mo. 74; *Dougherty v. Cooper*, 77 Mo. 528; *Frederick v. Allgaier*, 88 Mo. 598; *Sexton v. Anderson*, 95 Mo. 373.

While the petition charged that the deed was without consideration and made for the use of Furlong, it also as distinctly charges that MacDonald had knowledge of the existence of the allowance against Furlong, and that the conveyance was made by him and accepted by MacDonald, with the intention and for the purpose of hindering, delaying and defrauding plaintiff in its collection. Its terms were broad enough to permit the introduction of evidence to show that the deed was fraudulent under section 2496 or section 2497 of the statute of fraudulent conveyances, and it would not follow, because the plaintiff failed to show that the deed was fraudulent under the first of said sections, that he was not entitled to a decree under the second, if the evidence warranted it.

Upon this issue the defendant MacDonald, who was examined as a witness in his own behalf, admitted that, before the conveyance was made, he had been employed by Furlong to give an opinion as to how his case had

been managed by his attorneys in the divorce suit and as to how it stood for him on the motion for a new trial; that he gave an opinion and Furlong paid him for it; that he knew that the allowance of $150 for counsel fees had been made to Mrs. Furlong, and that it had not been abstracted as a judgment. He testifies that Furlong was offering this property on the market for $2,000; that having money which he desired to invest in this kind of property he bought it; that Furlong represented to him that he wanted to sell it to pay his debts, and mentioned as an obligation of his the costs in the divorce suit and the allowance of $150 for counsel fees.

His evidence in this connection is as follows: "Q. You say that Mr. Furlong did not mention to you any of the other debts which he desired to pay, except that which was due to Mr. Garesché? A. He mentioned them; I do not remember what they were.

"Q. Upon what account did he state or upon what account did he owe Mr. Garesché? A. He stated that he owed that order in the court growing out of that case, and that he desired to pay that, and I told him that he ought to pay it. He said he would pay it, and he would deposit the money when I gave it to him to pay that claim of Garesché, and he would deposit it with any man I said. He selected a man, and I told him that man would do as good as any man.

"Q. Who was that man? A. Thomas T. Farrelly."

It is conceded that, at the time this conveyance was made, the allowance of Mrs. Furlong was not a lien upon Furlong's real estate, under the statute making judgments a lien upon real estate in the city of St. Louis. The petition in the divorce suit did not seek to charge his real estate in any manner, nor can any charge thereupon in favor of such allowance be sustained against the purchaser of the husband's interest therein, under the law of *lis pendens*. No confidential relations existed between MacDonald and the plaintiff, or his

assignor, which precluded him from purchasing Furlong's interest in the real estate in question, if he saw proper to do so. And nothing short of actual fraud upon the part of MacDonald in making the purchase can vitiate it. In order to sustain such charge we are asked to find, first, actual fraud upon the part of Furlong in making the sale, i. e., that he made it to defeat the collection of this allowance and not because he was receiving a full and fair consideration for this property, because of our knowledge that this must have been the purpose of a perverse and angry litigant in a divorce suit, who declared to one witness,. at some time during its pendency, that he was going to get rid of his property so that neither his wife, the witnesses nor her lawyers would get a cent.

Experience would scarce lead to this conclusion. When it becomes necessary to attribute motives to human action and two are presented, one founded in sentiment, and the other in self-interest, in the great majority of cases it will be found safest to attribute the action to the latter rather than the former. In this instance, in the light of the price asked and obtained for the property, the money consideration seems to have suffered no diminution by reason of any supposed sentimental considerations. But conceding that the motive of Furlong in making this sale was to defeat the collection of .this allowance, what evidence have we that MacDonald was actuated in making the purchase by the same motive, or that he knew that such was the secret spring of Furlong's action? It is hardly to be conceived that a sane man would hazard $2,000 of his own money to defeat the collection of a claim of $150, in favor of a party against whom he had no feelings .of animosity, in favor of one in whom he had no interest, except that arising from ordinary business relations and with whose feelings and sentiments he is not shown to have had any sympathy except those growing out of

such relations existing for a very brief period before the conveyance was made.

Even if it be conceded that Furlong when he made this conveyance was actuated by the sinister motive attributed to him, there is no evidence that such motive was communicated to MacDonald; but we are asked to presume it from the relation they sustained to each other. In that relation there is no warrant for such a presumption. The only evidence upon which rests the claim that MacDonald participated in such a motive, if it existed in the mind of Furlong, is that of Mr. Garesché that when he demanded of Mr. MacDonald payment of this allowance, before the conveyance was made, MacDonald told him in substance that he would never make a dollar of it out of Furlong's real estate. Mr. Garesché and Mr. MacDonald give somewhat different statements of what passed between them at this interview, and MacDonald denies that he made the statement attributed to him by Mr. Garesché. Even if Mr. Garesché's recollection of that interview be conceded to be correct, it does not follow by the expression of the opinion that Mr. Garesché would not make a dollar of the allowance out of Furlong's real estate that he, MacDonald, entertained the purpose of preventing him from making his claim by perpetrating a fraud in which he, MacDonald, had everything to lose and nothing to gain, which fraud he afterwards consummated by paying Furlong full value for his property. Such an opinion may have been honestly, even if erroneously, entertained, upon some of the many grounds which are urged here to the same purport, but which we find it unnecessary to pass upon, such as, that the allowance was void, and the property as the homestead of Furlong was exempt from execution thereupon, etc.

While fraud may be inferred when it is a legitimate deduction from all the facts and circumstances in evidence in a given case it is never to be presumed, and when a transaction under consideration may as well

consist with honest and fair dealing as with a fraudulent purpose, it is to be referred to the better motive. *Funkhouser v. Lay*, 78 Mo. 458; *Ryan v. Young*, 79 Mo. 30; *Henderson v. Henderson*, 55 Mo. 535; *Ames. v. Gilmore*, 59 Mo. 537. To the better motive we can without much hesitation refer a transaction when we find it entirely consistent also with a self-interest which would naturally account for it.

That MacDonald should have bought Furlong's property subject to his wife's dower and paid $2,000, the full value of it, in good faith because he wanted it, and thought he was getting the worth of his money is entirely consistent with all the facts and circumstances in the case. That he should have bought the property absolutely without reservation, paid full value for it, as it is conceded that he did, for the purpose of defeating Mr. Garesché in the collection of his allowance, or enabling Furlong to defeat him, is a conclusion which can only be reached by imputing to MacDonald a blind and motiveless malevolence, that would injure another without any assurance of material benefit to himself. The evidence does not warrant such a conclusion.

The judgment of the circuit court is, therefore, affirmed. All concur, except BARCLAY, J., not sitting.