GULF, COLORADO & SANTA FE RAILWAY COMPANY v. A. M. MILLER.

Decided November 28, 1900.

**1.  Harmless Error—Charge.**

An erroneous charge will not be ground for reversal where a requested instruction stating the law on the subject correctly was given.

**2.  Carrier of Live Stock—Damages—Charge.**

See charge upon the measure of damages for delay and negligent handling in the transportation of live stock held erroneous because confused and indefinite, and ground for reversal where a proper charge was asked.

APPEAL from the County Court of Runnels. Tried below before Hon. C. H. WILLINGHAM.

*J. W. Terry* and *Chas. K. Lee*, for appellant.

*R. B. Truly* and *W. R. Spencer*, for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit in County Court of Runnels County for damages to 113 head of cattle, en route from Ballinger to Kansas City. It is alleged that the damages are the result of negligent handling of the cattle and delays en route.

Defendant answered by general and special exceptions, and by plea that it received the cattle for shipment under a written contract which limited its liability to damages incurred on its own road; that it received the cattle at Ballinger to transport the same to Brownwood, where it delivered them to the Fort Worth & Rio Grande Railroad Company, and afterwards received them again at Fort Worth to carry them to Purcell in the Indian Territory, the terminus of its line, they having been carried from Brownwood to Fort Worth on the other road named.

The trial resulted in verdict and judgment for plaintiff for $595, with interest from date of injury.

There is evidence to sustain injuries alleged on defendant's road and some testimony that there was unusual delay in Fort Worth in transferring the cattle to defendant by the Fort Worth & Rio Grande Rail-

road Company, which must have injured them.  Otherwise, the injuries
were shown to have occurred on defendant's road while the cattle were
in its possession for-transportation.  Defendant read in evidence the
written contract set up limiting its liability to damages for injuries to
the shipment while on its road.  Two head of the cattle were a total
loss, and the rest were injured as alleged and their value depreciated.

*Opinion.*—The judgment must be reversed upon the ground hereafter
more particularly noticed for want of clearness in the court's charge as
to measure of damages and refusal to give a correct charge upon the
subject asked by defendant.

The contract read in evidence by the defendant limited its liability
to injuries occurring on its own line of road.  The general charge of the
court required the jury to ascertain injuries that occurred on defendant's
road and connecting lines, and to find such damages, but the court cor-
rected any error contained in the charge by a special charge given at the
request of defendant, which limited the amount of verdict and recovery
to damages occurring on defendant's road, as was required by the con-
tract read in evidence by defendant.  We would not feel authorized to
reverse the judgment upon the ground of error in the general charge
authorizing a recovery for all damages done to the cattle on defendant's
road and its connecting line, the Fort Worth & Rio Grande Railway,
because it was corrected in the special charge given at request of defend-
ant, but it is suggested that upon another trial the court's general
charge should so limit the recovery.

The court instructed the jury:  "Should you believe from the evi-
dence that the remainder of said 113 head of cattle [the two head being
provided for in an antecedent portion of the charge] were in course of
shipment on defendant's and connecting lines of railway under the al-
leged contract, limited to the end of defendant's line at Purcell and no
farther, injured or depreciated in value by delay, rough handling, or any
other such acts of neglect, as are charged by the plaintiff, that said cat-
tle were intended for and being shipped to market for sale and was de-
livered at such market, then if you should so believe from the evidence,
you should find for plaintiff the difference, if any, in the weight and con-
dition, and from there [these] their market value of said cattle at the
place and at the time they were delivered in their injured condition, if
they were injured, and their weight and condition, and from these their
market value at said point of delivery or destination when they were de-
livered, had they been carried, shipped, and delivered in such reasonable
good condition, weight and market value as by proper care upon the
part of defendant and its servants in the carriage and shipment of said
cattle they should have been delivered had defendant, acting by its ser-
vants or agents in charge of said shipment, exercised such care in their
shipment and delivery as a prudent person would have exercised in the
shipment and care of his own property."

The defendant requested the following charge upon the subject of
measure of damages:  'If you believe from the evidence that the cattle

in question were by the negligence of defendant injured during transportation, then you are instructed that the measure of damages would be the difference in the market value of such cattle at the place of destination at the time they arrived there in their injured condition, if injured, and their market value at such place of destination in the condition they would have been in when they should have arrived there, but for such injuries."

The court's charge on the measure of damages is confused by attempting to include in it in one paragraph so much of the law of the case. It was not as clear and definite as it should have been. This defect was fully cured by the requested charge which was refused. The requested charge should have been given, and it was error to refuse it. Because of the indefiniteness and confusion in the court's charge and the refusal to give the charge requested, the judgment ought to be reversed, and it is so ordered. The court should have granted a new trial because of this error.

We find no other error assigned, but because of the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*