## C. H. TENNEY, Respondent, v. EMMA W. TURNER, executrix, etc., Appellant.

### Kansas City Court of Appeals, April 3, 1905.

**CONTRACTS: Specific Performance: Probate Court: Jurisdiction.** Where a contract binds the obligor to pay certain moneys to the obligee on his conveying the title to real estate within a certain time, an action to recover the money and tendering a deed amounts to specific performance and equity alone has jurisdiction, and section 173 Revised Statues 1899, has no application and the probate court no jurisdiction of the action.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

REVERSED.

*James A. Plotner, Elijah Robinson* for appellant.

The probate court had no jurisdiction. The petition shows on its face that this is a suit to enforce the specific performance of a contract. It is, therefore, an equitable suit. The probate court has no general equity jurisdiction and is not given special jurisdiction in such a case as this. R. S. 1899, sec. 1753; Administrator v. Administrator, 19 Mo. 647; Church v. McElhinney, 61 Mo. 540; Church v. Robberson, 71 Mo. (loc. cit.), 335-336.

*Burke & Kimpton, A. F. Smith* for respondent.

(1) The probate court had jurisdiction to allow plaintiff's claim. 26 Am. & Eng. Ency. Law. (2 Ed.), 18, 19; Olmstead v. Smith, 87 Mo. 602; Thompson v. Dickerson, 68 Mo. App. 535; Pursley v. Good, 94 Mo. App. 382; Porter v. Leyhe, 67 Mo. App. 540, 543, 544; Machine Co. v. McBride, 27 Mo. App. 470; Burt v. Mears, 41 Mo. App. 231.

BROADDUS, P. J.—This action was begun in the probate court, tried, appealed to the circuit court, tried again, and appealed by defendant to this court. The foundation of plaintiff's demand is in the following writing:

"Kansas City, Missouri, 4-21, 1900.   In consideration of the sum of four thousand dollars ($4,000) paid me by C. H. Tenney, of New York City, New York, as his part of certain moneys to be invested in a 160 acre tract of land, situated in Jasper county, Missouri, U. S. A. Said lands to be bought and deeded as follows, viz.: The undivided one-half (1-2) to Charles H. Tenney, trustee, and the undivided one-half to F. H. Turner, trustee, I agree, if result of investment is not satisfactory to said Tenney, to at any time during the period from July 1, 1903, to January 1, 1904, he may desire, to repay him said four thousand dollars ($4,000) less any and all amounts he may have received from royalties, sale of ore, timber or land, or in any way from said investment, and provided  that on  payment by me of amount as agreed, said Tenney deed to me or any party I may desire, his entire interest in and to said investments.   In witness whereof I this 21st day of April, 1900, A. D. set my hand and seal.   (SEAL)     FRANK H. TURNER."

On the 17th of September, 1903, within the time provided in the contract that if plaintiff was not satisfied with the investment he might have a return of his money, etc., he filed his demand in the probate court for said sum of $4,000 against the estate of said Frank H. Turner, deceased, said Turner having died in the meantime.

The demand is made in a written statement setting up said contract and stating that he was dissatisfied with the investment and asking judgment for said sum of money against decedent's estate. The statement alleges that the property purchased in pursuance of the said contract is the east one-half of the northwest quarter, and the west half of the northeast quarter in section

10, township 27, range 30, in Jasper county, Missouri, and that the title thereto is in Frank H. Turner and plaintiff, each as trustee. Plaintiff avers that he is willing to execute a deed conveying the property to whomsoever the court may direct. It was agreed by the parties that Turner received the $4,000 mentioned in the contract from plaintiff; that the land described in the statement was after the date of the contract, conveyed to F. H. Turner, trustee, and C. H. Tenney, trustee, and that the title so remained at the time of the death of said Frank H. Turner; and that plaintiff had never received any amount from Turner on account of said $4,000, and had received nothing from royalties, sale of ore, or timber on said land.

Defendant contends that the probate court had no jurisdiction of the case, as it was a proceeding in equity to enforce specific performance of the contract. Section 173, Revised Statute 1899, does not apply, as it refers solely to cases where a testator or intestate has entered into a contract in writing for the conveyance of real estate, and had not in his lifetime executed the same, nor given power by will to execute the same, the court may decree specific performance and direct that the executor or administrator execute a deed to the other party to the contract. The plaintiff does not ask for any such relief. He has the conveyance mentioned in the contract. Therefore, said section has no application.

It is clear, however, that the proceeding is one for the specific performance of the contract: that is to say, plaintiff asks the court to decree the payment to him of the four thousand dollars invested in the land in the name of both parties to the contract, on the ground that he is dissatisfied with the investment and that he be decreed to convey to the proper person the title he holds in the land as trustee for the deceased. Mr. Pomeroy in his work on contracts, or, more definitely speaking, "Specific Performance of Contracts," says: "The speci-

fic performance of contracts is purely a remedy adminis-
tered by courts having equitable jurisdiction; and the
right to it, held and conferred by a contracting party,
is purely a remedial right." See section 1. And,
"where land, or any estate therein is the subject-matter
of the agreement, the equitable jurisdiction is firmly
established." *Idem*, section 10. And "all contracts
may be reduced to three forms: First, where there is
simply a promise to pay money on one side in considera-
tion of a similar promise to pay on the other; second,
where there is a promise to do or to omit some act or acts
on one side in consideration simply of a promise to pay,
or a payment of money, on the other; third, where there
is a promise to do or omit some act or acts on one side, in
consideration of the doing or the undertaking to do cer-
tain acts which may, perhaps, include a money payment
on the other. It is very plain that in all contracts fall-
ing within the first class, which only call for a pecuniary
payment from either party, the legal remedy of a money
judgment will always be possible and sufficient, and
there will be no occasion for invoking the interposition
of equity. Specific performance is confined to agree-
ment of the two other classes. In those which form the
second division, it might be supposed from the general
principles heretofore stated, that only the party who is
to receive the benefit of the acts or omissions promised
by the other, could resort to equity and enforce their
specific performance according to the terms of the un-
dertaking, while the party who is to receive the benefit
of the money payment would be left to his legal
remedy—the recovery of a money judgment in a com-
mon law action. This supposition, however logical it
may appear, is prevented by a well-established doctrine
of equity, that the right to a specific performance, if it
exists at all, is, and necessarily must be held, and be
capable of being enjoyed alike by both parties in every
agreement to which the jurisdiction extends." *Idem*,
section 6.

We have quoted liberally from this section as it seems to be conclusive of this case. It is unnecessary to attempt to show that the case falls within the second subdivision of law as stated, as it is too plain for controversy. We find authorities supporting the law as stated by Mr. Pomeroy. See Tiedeman on Equity Jurisprudence, sec. 492; Beach on Modern Eq. Jurisprudence, section 637. And such is the holding in this State. Glass v. Rowe, 103 Mo. 1. c. 535.

As the probate court had no jurisdiction of the action it is unnecessary for us to notice other points raised by the appellant. Cause reversed. All concur.