EVA A. IVIE et al., Objectors, Appellants, v. JOEL EWING, Administrator, etc., Respondent.

Kansas City Court of Appeals, May 7, and October 1, 1906.

1. **APPELLATE PRACTICE: Abstract.** An abstract mentioned in the opinion is held a sufficient compliance with the statute regulating appeals.

2. **PROBATE COURTS: Jurisdiction: Equitable Relief: Credit to Administrator.** The probate court has no jurisdiction to afford equitable relief, as for instance, in setting aside a contract for the sale of real estate; and an administrator on his final settlement is not entitled to a payment on a judgment rendered against an estate in such proceeding.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED (*with directions*).

*E. R. Bartlett* for appellant.

(1) The probate court has no equity powers. In re Glover & Sheply, 127 Mo. 153; Patterson v. Booth, 103 Mo. 402; Pres. Church v. McElhiny, 61 Mo. 540. (a) It cannot determine interests of litigants under a will. Brown v. Cole, 136 Mo. 201. (b) It cannot try questions of ownership. Johnson v. Jones, 47 Mo. App. 237; State v. Jones, 53 Mo. App. 207; State v. Jones, 131 Mo. 194; Conly v. Truitt, 63 Mo. App. 358. (c) It cannot try title to real estate. Smith v. Gilmore, 13 Mo. App. 155; Rifle v. Land & Lumber Co., 71 Mo. App. 617; State v. Gilmore, 71 Mo. App. 665; Rich v. Downer, 72 Mo. App. 571. (d) It cannot set aside a fraudulent conveyance after the death of the grantor. Zoll v. Soper, 75 Mo. 460; Merry v. Fremon, 44 Mo. 518. (e) It has no jurisdiction of the real estate sold in lifetime of deceased. In re Elliot Est. v. Willson, 27 Mo. App. 218; Beland v. Brewing Assn., 71 Mo. App. 567; Johnson v. Jones, 47 Mo. App. 237. (f) It cannot try case requiring equity powers or so complicated as to require a disclosure from the plaintiff. Wagner v. Queen, 67 Mo. App. 617; Cole Co. v. Stovers, 56 Mo. App. 107. (2) Nor would the administrator of the grantor be a proper or necessary party to set aside the deed made by the deceased in his lifetime on account of fraud or to compel a deed. Merry v. Fremon, 44 Mo. 518. (3) The probate court having no power to deal with the general subject of the petition had no jurisdiction of the subject-matter. Railroad v. Lowder, 138 Mo. 533; Railroad v. Neville, 110 Mo. 345; Wagner v. Queen, 57 Mo. App. 616. (4) The probate court having no jurisdiction of the subject matter or of the parties plaintiff, its judgment of

allowance was a nullity and absolutely void.    And the circuit court on appeal could not give it validity by affirmance.    Railroad v. Lowder, 138 Mo. 533; Wagner v. Queen, 67 Mo. App. 616; St. Louis v. Hollrah, 175 Mo. 79; Baskowitz v. Guthrie, 99 Mo. App. 304; Nenno v. Railroad, 105 Mo. App. 540.

*Smoot & Smoot* and *Mudd & Wagner* for respondent.

(1)    There is no abstract in this case showing the filing and overruling of a motion for a new trial and in arrest of judgment. There is no record proper or abstract showing the substance of the filing of an affidavit in appeal.    And for that reason, said appeal should be dismissed or the judgment affirmed as the court deems proper in the case.    It needs no citation or authorities upon this point as the court is familiar with the rule.    See Sehested v. Kansas City, 68 S. W. 1068, and numerous decisions of the appellate courts of this State.    Appellants contend there is no case here for review.    (2)    The judgment of the probate court on the claim in question is final and conclusive, and not having been appealed from is *res adjudicata*.    Davison v. Davison, 100 Mo. App. 263; State ex rel. v. Carroll, 101 Mo. App. 1. c. 113.

BROADDUS, P. J.—On the 3rd day of July, 1895, Horace G. Pitkin, a resident of Scotland county, Missouri, died intestate.    On July 30th following, his widow, Rachael A. Pitkin, and his son, Albert H. Pitkin, were severally appointed administratrix and administrator of the deceased's estate, gave bond and qualified as such. Afterwards, failing to give a new bond as directed by the probate court, their letters of administration were revoked and they made their final settlement which was approved by the court.    The respondent, Joel F. Ewing, was appointed administrator *de bonis non,* who executed bond and duly qualified as such.    On the 18th day of

March, 1899, he presented his accounts and vouchers for a final settlement, at which time the appellants, heirs at law, appeared and filed objections to it. A great many items in the administrator's account were objected to, but these objections were overruled and an appeal was taken to the circuit court. The venue of the case was changed to Schuyler Circuit Court, where it was tried anew.

Among the credits allowed by the probate court was an item of $2,500. It appears from the record that the deceased was the promoter of what was known as the Farmers Exchange Bank, with a capital stock of twenty-five thousand dollars, of which a very small portion had been paid up in cash. The deceased was the holder of most of the stock, for which he paid in insolvent notes, which he transferred to the bank. He also deeded to the bank a building at the valued consideration of $6,500, which it was claimed was greatly in excess of its real value. The Secretary of State required a reduction of $2,500, on the said building. Thereupon, the bank presented a claim against the estate for that sum, which the court allowed, and the administrator paid it. The circuit court sustained appellant's objection to this claim and charged the same to the administrator with interest from the date of its payment, in the sum of $815, this making the amount, with which he was charged on that item, $3,315.

The appellants were satisfied with the judgment of the court in that and all other respects, but the administrator moved for a new trial, on the hearing of which the court reversed its former decision and gave credit to respondent for said sum of $2,500, which, as a matter of course, resulted in abating the interest on the same from the date of its payment. From this judgment objectors appealed, especially alleging in their affidavit for appeal that they were aggrieved by the judgment of the court in making said allowance to the administrator

with interest from the date of payment. Therefore, the sole issue before this court is as to the legality of said payment by the administrator.

But respondent insists that the case is not here properly on appeal. While appellants' abstract is meagre, informal and defective, it shows the nature of the cause, that there was a trial and judgment, the filing of motions for new trial and in arrest of judgment, the action of the court in overruling them, and the signing and filing of the bill of exceptions. They also bring forward a copy of said bill of exceptions. All which, we think, is a substantial compliance with the statute regulating appeals.

The claim of the bank for $2,500, overvaluation of the said bank building was filed for allowance on the 28th of June, 1897, and was presented in the following form:

"The estate of H. G. Pitkin, deceased, to Farmers Exchange Bank, Dr., $2,500.

"The Farmers Exchange Bank is willing to take the building, which it now occupies, at the sum of four thousand dollars by way of compromise, but will not take the same at $6,500. That a reasonable price for the same would not exceed $3,500. The estate claiming that said building was sold to said bank by H. G. Pitkin, now deceased, at price of $6,500."

The usual affidavit in demands against estates of deceased persons was attached to the claim. The administrator waived services of notice for presentation and allowance, and stated that he was satisfied of its correctness. On July 19, 1897, the probate court made the following entry on its records: "I hereby certify that the sum of twenty-five hundred dollars was allowed on the within account of the sixth class of demands and costs."

The respondent administrator contends that the matter is *res adjudicata*. That the allowance of the demand against the estate was a judgment and, not having been

appealed from, was final. This contention, as a rule, is true. Therefore, it is insisted that it was not a matter for adjudication on the final settlement. On the contrary, it is insisted by appellants, that as the probate court had no jurisdiction in the first place to allow the demand, the judgment was a nullity, and the administrator was not entitled to the credit on a final settlement. [Patterson v. Booth, 103 Mo. 402.]

The demand calls for the exercise of the powers of a court of equity to set aside a contract entered into between the deceased and said bank. It has been held in this State that equitable, as well as legal demands, may be allowed against the estate of a decedent. [Maginn v. Green, 67 Mo. 616; Hammons v. Renfrow, 84 Mo. 332.] But In re Estate of Glover & Shepley, 127 Mo. 153, it was said: "But whatever defendant's equities may be, no equitable relief can be afforded him in this form for want of jurisdiction in the probate court, which has always been held by this court to possess no equitable powers," citing Church v. McElhinney, 61 Mo. 543; Butler v. Lawson, 72 Mo. 227; Church v. Robberson, 71 Mo. 326. And such was the holding in a recent opinion of this court. [Tenney v. Turner, 111 Mo. App. 597.]

It therefore follows that the probate court had no jurisdiction to allow the demand and no such jurisdiction was conferred upon the circuit court on the appeal. The cause is reversed with directions to the circuit court to disallow the claim and to charge the administrator with interest on the same from the date of its payment. All concur.