GEORGE F. THEENER, RESPONDENT, v. J. M. KURN AND JOHN G. LONSDALE, TRUSTEES OF THE ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, A CORPORATION, APPELLANTS.

PAUL F. THEENER, RESPONDENT, v. J. M. KURN AND JOHN G. LONSDALE, TRUSTEES OF THE ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, A CORPORATION, APPELLANTS.—146 S. W. (2d) 647.

Kansas City Court of Appeals.   December 2, 1940.

*E. G. Nahler, Mitchel J. Henderson, Thos. E. Deacy* and *Henderson, Deacy, Henderson & Swofford* for appellants.

824

*Will H. Hargus, C. E. Groh* and *Rosenberg, Hargus & Koralchik* for respondents.

SHAIN, P. J.—This action involves two suits that were consolidated in the trial below and review is in accordance. The admitted facts in this case, which are involved in the issues before us for review, briefly stated are as follows: The defendants right-of-way runs along the south boundary of lands owned and operated by the plaintiffs and wherein live stock owned by plaintiffs were being pastured. Stock owned by each of plaintiffs escaped through a defective right-of-way fence of defendant into the railroad right-of-way and after escaping through a defective fence of defendant wandered out into

U. S. Highway No. 71 and travelled west thereon for a distance of one-fourth of a mile where said stock were struck by an automobile being operated on said highway.

As a result of the collision, one mule belonging to plaintiff George F. Theener, valued at $150.00, was killed, and a horse, valued at $150.00, belonging to plaintiff Paul F. Theener was killed, and another horse belonging to said plaintiff was injured in the sum of $50.00.

Plaintiffs had judgment below and defendant duly appealed. The situation on review, for all practical purposes, presents a one point case as expressed in appellants' brief:

"The trial court should have given defendants' declaration of law in the nature of a demurrer to the evidence since the defendants as trustees of a railroad company are liable only for damages which are the direct and proximate result of their failure to maintain proper right-of-way fences and are not responsible as a matter of law for damages to livestock which escape from the right-of-way and are injured or killed upon a public highway by an automobile at a point one-half mile from the right-of-way, said damages being too remote to make the trustees liable."

The theory of respondents is expressed as follows:

"Defendants are liable to plaintiffs for the reason that plaintiffs' damages were proximately caused by defendants' negligent breach of statutory duty to erect and maintain a lawful fence on the side of their railroad where the same adjoined the enclosed premises of plaintiffs."

To the solution of the issue presented, Section 4761, Revised Statutes Missouri 1929, cited by both parties, must be considered. The portion of said statute directly bearing upon the point reads as follows:

"Section 4761. Lawful fences, gates, etc., who may build—trespassers.—Every railroad corporation formed or to be formed in this state, and every corporation running or operating any railroad in this state, shall erect and maintain lawful fences on the side of the road where the same passes through, along or adjoining enclosed or cultivated fields or unenclosed lands, with openings and gates therein, to be hung and have latches or hooks, so that they may be easily opened and shut, at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad, and also to construct and maintain cattle guards, where fences are required, sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad; and until fences, openings, gates and farm crossings and cattle guards as aforesaid shall be made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands, fields or enclosures, occasioned in either case by the

failure to construct or maintain such fences or cattle guards. After such fences, gates, farm crossings and cattle guards shall be duly made and maintained, said corporation shall not be liable for any such damage, unless negligently or willfully done.''

The key to the solution of the issue in this cause is the answer to the question, to-wit: Was the defect in the fence of the railroad the proximate cause of the injury to the stock in question?

The question, as to liability for injury to animals, by operation of railroads, has been frequently before our courts. The evolution of the doctrine of liability upon railroads for injury to stock presents an interesting study. At common law, no duty devolved upon a land owner to fence, and stock wandering upon land of another and being injured by pitfalls, places no liability on the land owner. For many years, free range for stock was the rule in Missouri and many other States. However, settlement of outlying pasture lands led to enactment of stock laws whereby duty to restrain stock was placed on the owner of the stock.

Prior to the enactment of aforesaid stock laws, the innovation of railroads created an emergency. Stock straying upon railroad right-of-ways presented a double danger, to-wit: Injury to stock and injury to the travelling public. Confronted with the situation of danger to stock and to people, resort was had to that resourceful source of power that seems to come into play when all other sources fail. The situation was met by enactment of laws based upon the policing power of the State. [Perkins v. St. Louis I. M. & S. Ry. Co., 103 Mo., l. c. 57.]

What is now Section 4761, Revised Statutes 1929, was enacted to meet the situation. After the enactment of the aforesaid statutes, our courts in early cases limited liability for injury to stock to injury caused by striking the animal. By legislative act, Section 3146, Revised Statutes 1909 (Sec. 4762, R. S. 1929) became the law. This section extended liability to injury caused by stock becoming frightened by operation of railroad engines, etc., and becoming injured by running into fences, culverts, bridges, sloughs or mire, or other objects along the right-of-way. This section only provides for single damages and the burden of proof that stock are injured in the way designated is on the claimant.

The liability upon railroads is based upon negligence in maintenance of lawful fences or safeguards so as to prevent stock from coming upon the right-of-way and double damages for striking and injuring, and single damages for fright, are allowed where defect in fence or defect in safeguards are found to be the proximate cause of injury.

Since the enactment of statutes for compensatory damages, *supra,* there are outstanding opinions by our appellate courts wherein it is held that the provisions for compensatory damages provided by the statutes, *supra,* are not exclusive. In these opinions, recovery for

damages is upheld wherein the injury was neither by reason of stock being hit or frightened.

The decisions alluded to above are based upon negligence concerning provisions of statutes to properly safeguard the right-of-way from entry thereon by stock. However, the doctrine still stands to the effect that the defect permitting entry upon the right-of-way must be the proximate cause.

The plaintiffs in the case urge the theory of liability in the doctrine promulgated by the class of cases above referred to. The two outstanding opinions upholding the doctrine that the statutes, *supra,* are not exclusive are opinions by the Kansas City and St. Louis Courts of Appeal.

In the year 1913, in McCaskey v. Railroad, 174 Mo. App. 724, this court held the railroad liable where a horse after going upon the right-of-way through a defective fence was injured in being removed from a trestle on the right-of-way. The language of the McCaskey opinion is as follows:

"The gist of the action is negligence of defendant in the performance of the duty imposed by section 3145, Revised Statutes 1909, (Sec. 4761, R. S. 1929) upon railroad companies to maintain lawful fences along the sides of their railroads where they run through the country. The remedy provided in that statute was not available to plaintiff since his horse was not injured by a locomotive or train, nor could plaintiff have maintained an action under the succeeding section since the horse was not frightened or run by a passing locomotive or train.

"But these statutory remedies so far as they relate to compensatory damages are cumulative, not exclusive. If a railroad company negligently fails to maintain the kind of enclosure required by law and in consequence of such negligence an animal strays upon the track is injured, the owner may recover the damages thus inflicted upon him, though the manner of the injury may be outside the purview of the statutory remedies. An action will lie for the enforcement of a common law remedy for negligence in the performance of the statutory duty."

In the year 1919, in Eaton v. M. R. & B. T. Ry. Co., 201 Mo. App. 194, the St. Louis Court of Appeals upheld recovery where a horse had entered the right-of-way through a defective fence and was injured by becoming entangled in a trestle on the railroad. It was expressly held in this case that while no recovery could be had under the statute, the statute was not exclusive, and recovery was based upon failure to observe a municipal ordinance.

In the year 1920, the Ingalsbe case (219 S. W. 1005) came before the Springfield Court of Appeals for review. In the majority opinion by the Springfield Court of Appeals and in the opinion by the Su-

preme Court reviewing the Ingalsbe case, we feel that the question of liability of the railroad company in this case is determined.

In the Ingalsbe case, the question of liability of railroad company for death of a cow which came upon unfenced enclosure of the railroad and escaped through a defective right-of-way fence into a sorghum cane patch and died from eating of the green crop, was at issue. Judgment for damages was had for the owner in the trial court. In the review by the Springfield Court, the judgment was reversed by a majority opinion by FARRINGTON, J. In said majority opinion, the McCaskey and Eaton opinions, *supra,* were severely criticized and the cause was certified to the Supreme Court on the stated grounds that the majority opinion was in conflict with aforesaid cases.

In the above case, STURGIS, P. J., wrote a dissenting opinion wherein he concurred in certifying to the Supreme Court, but refused to concur in the majority opinion in reversal of judgment. In the dissenting opinion, it is said, to-wit: "As this case comes to us, it is a common law action for actual or single damages based on constructive negligence in failing to comply with the statutory duty of defendant railway to fence its right of way."

The Supreme Court in its opinion in the Ingalsbe case (295 Mo. 177, 243 S. W. 323) distinguishes the issue therein from that in the McCasky and Eaton cases, *supra.* In the opinion (295 Mo. l. c. 181 and 182) the Supreme Court distinguishes the McCaskey opinion by saying:

"This decision was expressly placed upon the ground that it was the duty of the defendant to provide a lawful barrier to prevent the horse from straying from the public road onto its railroad. The question whether it was also its duty to provide such barrier for the purpose of preventing the horse from straying from its own right of way into a place of danger situated outside its right of way and upon the land of another, was neither involved nor mentioned in the case."

The same distinction is made as to the Eaton opinion.

The holding of the Supreme Court in the Ingalsbe case is against the holding in the majority and dissenting opinions by the Springfield Court of Appeals, as to the McCasky and Eaton opinions, *supra,* being in conflict with the majority opinion. The Supreme Court in its opinion upholds the majority opinion of the Springfield Court of Appeals and, in effect, approves and refers to the "elaborate discussion" of fundamental principles upon which the conclusion is based in the majority opinion by the Springfield Court.

The majority opinion by the Springfield Court of Appeals is clearly to the effect that no liability rests upon the railroad for injury to stock where stock leave its right-of-way and are injured off its right-of-way by other instrumentality than railway operations.

From a careful examination of the Ingalsbe opinion by the Supreme

Court and other authorities wherein the provisions of Section 4761, Revised Statutes 1929, are involved, we conclude that there is no liability on a railroad company for injury to animals that have departed from the right-of-way and while outside of the right-of-way are injured by other agencies than those involved in the operation of the railroad.

In the evolution of the doctrine of the rule as concluded and expressed, *supra,* there are cases, such as Boys v. M. K. & T. Ry. Co., 156 Mo. 389, 59 S. W. 550, wherein the utterences in the opinion, based upon construction of agreed statements of facts, might not justify the above conclusion. However, we conclude that the plain and unequivocal language of the court in the Ingalsbe case, *supra,* justifies the conclusion reached by us in the case at bar.

Based upon the Ingalsbe case, the St. Louis Court of Appeals, in Scott v. Atchison, T. & S. F. Ry. Co., 32 S. W. (2d) 139, refused allowance of damages for death of a cow that entered right-of-way and escaped therefrom and was found dead in a strange pasture.

We conclude that the facts and circumstances presented in this case do not justify the conclusion that the defective fence of the railroad company was the proximate cause of the death and injury of the stock belonging to the plaintiffs herein. Judgment reversed. All concur.