SEIBERT v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

**Railroad**: DOUBLE DAMAGES FOR INJURY TO STOCK. A railroad company is not liable in double damages, under the 43rd section of the railroad law, (R. S., § 809,) for an injury to stock which does not result from direct or actual collision with the engine or cars, as for instance, where the animal is killed by the servants of the company in an attempt to extricate it from a trestle into which it has fallen.

*Appeal from Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

REVERSED.

*John Montgomery, Jr.*, for appellant, cited *Lafferty v. Hannibal & St. Joseph R. R. Co.*, 44 Mo. 292; *Hughes v. Hannibal & St. Joseph R. R. Co.*, 66 Mo. 326; *Indianapolis, etc., R. R. Co. v. McBrown*, 46 Ind. 229; *Ohio, etc., Ry. Co. v. Cole*, 41 Ind. 331; *Louisville, etc., Ry. Co. v. Smith*, 58 Ind. 576; *B. & P. Ry. Co. v. Thomas*, 60 Ind. 107; 1 Thompson on Neg., (1 Ed.) p. 531, § 28; *A., T. & S. F. R. R. Co. v. Jones*, 20 Kas. 529.

Hough, J.—This was an action brought in 1877 under the 43rd section of the railroad corporation law, (R. S., § 809,) to recover double the value of a horse belonging to plaintiff, alleged to have been run against and killed by the engines and cars of the Missouri, Kansas & Texas Railway. The plaintiff's testimony tended to establish the allegations of his petition. The defendant's testimony, on the other hand, tended to show that the horse was not struck by the engine or cars, but that it ran ahead of a moving train and jumped into a certain trestle supporting defendant's track, and in being taken out by defendant's servants, by means of ropes attached to the engine, was killed. The court instructed the jury to find for the plaintiff, even though they should believe from the evidence that the horse was not struck by the engine or cars, but was killed by the servants of the defendant in their attempt to remove it from the trestle. It was decided by this court in the case of *Lafferty v. Hannibal & St. Joseph R. R. Co.*, 44 Mo. 291, that the injuries contemplated by the 43rd section of the railroad law are such only as result from a direct or actual collision of the engines or cars, with the animal injured. *Hughes v. Railroad Co.*, 66 Mo. 325. The instruction of the circuit court not being in conformity with this decision, is, therefore, erroneous. The plaintiff can, undoubtedly, recover in a proper action for any injury to his horse, negligently inflicted by the servants of the defendant, but he cannot maintain an action under the 43rd sec-

tion of the railroad law for double damages, unless the injury was the result of actual collision, occasioned by a failure to fence as required by that section. The judgment will be reversed and the cause remanded. The other judges concur.