JOHN YEAGER, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, April 1, 1895.**

Railroads: KILLING STOCK: ELEMENTS OF ACTION. To make a case under sections 2612 and 2613, Revised Statutes, 1889, the plaintiff must show the animal went upon railroad's right of way where the same was not inclosed by a lawful fence and was frightened by a locomotive or train of cars and was injured by running into a bridge, etc. Evidence in this case is *held* insufficient to authorize a recovery.

*Appeal from the Worth Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED.

*D. L. Heaston* for appellant.

(1) In order to authorize the plaintiff to recover in an accident case, he must show that the injury was the direct cause of breach or neglect of duty on part of the defendant. Black on Accident Cases, sec, 1, p. 1; *Foster v. Railroad*, 90 Mo. 116; *Hesse v. Railroad*, 36 Mo. App. 163; *Nolan v. Shiekle*, 3 Mo. App. 300; Black on Accident Cases, secs. 57, 90. (2) As the evidence in this case failed to show that plaintiff's mare was injured by an engine or cars or that she was frightened or run into the bridge by any passing locomotive or train on said railroad, plaintiff could not recover. 1

R. S. 1889, secs. 2611, 2612; *Foster v. Railroad*, 90 Mo. 116; *Briggs v. Railroad*, 111 Mo. 168; *Perkins v. Railroad*, 103 Mo. 52; *Halferty v. Railroad*, 82 Mo. 90; *Dooley v. Railroad*, 36 Mo. App. 381; *Long v. Moon*, 107 Mo. 334; *Garrett v. Greenwell*, 92 Mo. 125; *Spohn v. Railroad*, 87 Mo. 84; *Whitsett v. Ransom*, 79 Mo. 258; *Powell v. Railroad*, 76 Mo. 80 and 86; *Dunn v. Railroad*, 21 Mo. App. 208; *Empey v. Railroad*, 45 Mo. App. 422.

*J. M. Sallee* for respondent.

(1) The weight to be given to the evidence, and its degree of probative force were matters exclusively for the jury. To cite authorities on this point would be a work of supererogation. But we cite the following cases: *Bushing v. Gaslight Co.*, 73 Mo. 219; *Wilson v. Board of Education*, 63 Mo. 137; *Smith v. Railroad*, 31 Mo. 287; *Bowen v. Lazalere*, 44 Mo. 383; *Grady v. Ins. Co.*, 60 Mo. 116. (2) Appellant's counsel seem to lose sight of the fact that, circumstantial evidence is just as admissible and potential in civil cases as in criminal cases. The jury may infer the existence of the principal fact from the proof of other facts. Our courts have recognized the probative force of circumstantial proof in cases like the one at bar. *Dilley v. Railroad*, 55 Mo. 128; *Miller v. Railroad*, 47 Mo. App. 630.

SMITH, P. J.—This is an action based on sections 2612 and 2613, Revised Statutes, 1889, to recover the damage alleged to have been sustained by the injury to a mare, the property of plaintiff. There was a trial in the court below, where the plaintiff had judgment, and from which defendant has appealed.

In *Foster v. Railroad*, 90 Mo. 116, and in other cases there cited, it was, in effect, ruled that where an action

was brought under the provisions of section 2611, Revised Statutes, there could be no recovery unless there was a direct or actual collision of the cars with the stock. In view of this ruling, the general assembly passed an act (Laws, 1885, p. 92) which has been incorporated into the present revision as sections 2612 and 2613, which provide that whenever any live stock shall go in upon any railroad or its right of way, in this state, and the said railroad is not at such place or places enclosed by a good fence on both sides, such as is by law required, and such stock, by being frightened or run by any passing locomotive or train on said railroad, shall be injured or killed by or because of having run against the fence on either side, or any culvert, bridge, slough or mire, or other object along the line of said road, the railroad company shall pay the owner of any such stock so injured or killed, the damages sustained and a reasonable attorney's fee to be paid as other costs.

In order to make out a case under these statutory provisions, it devolved upon the plaintiff to show: *First*, that his mare went upon the railroad right of way, at a place where the same was not inclosed by a good fence, such as is required by law; *second*, that she was frightened by a locomotive or train of cars; and *third*, was injured by running into the defendant's bridge. It was essential for plaintiff to prove that the mare was frightened by defendant's locomotive, or train of cars, and for that reason ran upon the bridge from which she fell and was injured. *Perkins v. Railroad*, 103 Mo. 52; *Briggs v. Railroad*, 111 Mo. 168.

We have very carefully examined the record, but have utterly failed to find any evidence whatever which tends in the least to prove that the plaintiff's mare was frightened after going upon the right of way, by defendant's locomotive or train of cars, and for that reason went upon the bridge.

Between the time the plaintiff's mare entered upon the defendant's right of way and that when she was found on the bridge, no train had passed over defendant's road either way. This is conclusively shown by the testimony of plaintiff's witnesses. And their testimony in this regard is corroborated by the circumstance that there was no collision of the cars with the mare. If she had been run on the bridge in consequence of the fright occasioned by an approaching locomotive or train of cars, a collision would have inevitably resulted, unless the locomotive, or train of cars, had been stopped before reaching the bridge into which she had fallen and was endeavoring to extricate herself. As she was still on the bridge when first discovered and had not been struck by a passing locomotive, the conclusion is inevitable that no train had passed over the bridge after she went upon it.

No fact or circumstance is shown by the evidence to justify the inference that the mare was frightened by the cars and for this reason attempted to cross the bridge. If she ran upon the bridge, in consequence of fright, the cause of such fright is utterly conjectural.

It follows that the plaintiff is not entitled to recover and that the defendant's instruction in the nature of a demurrer should have been given. The judgment will be reversed. All concur.