J. J. COLBERT, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1899.

1. **Pleading:** AMENDMENT OF CORPORATE NAME: EFFECT. A statement in a justice's court against a corporation may on appeal be so amended as to designate it by its proper corporate name, and such amendment does not have the effect to substitute a new defendant or to change the cause of action.

2. **Railroads:** INJURY TO STOCK WITHOUT COLLISION: DOUBLE DAMAGES. Where the complaint for injury to stock is based on section 2612, Revised Statutes 1889, and there is no collision alleged, single damages only are recoverable and it is error to double them.

*Appeal from the Miller Circuit Court.*—HON. D. W. SHACKLEFORD, Judge

REVERSED AND REMANDED (with directions).

WM. S. SHIRK for appellant.

(1) It was gross error in the court to sustain the motion to double the damages assessed and to render judgment

for the amount. The allegations of the statement brings the case strictly under section 2612, inasmuch as there is no allegation that the horse was struck by the engine or cars, but only frightened into running against a wire fence. Section 2612 does not purport to be a double damage section. Geiser v. Railway, 61 App. 459. (2) It was error to allow the plaintiff by amendment to substitute an entirely new defendant in the circuit court after appeal, instead of the original defendant before the justice. Durnin v. Waddingham, 12 Mo. App. 145; Altheimer v. Teuscher, 47 Mo. App. 284; Clements v. Greenwell, 40 Mo. App. 589; Courtney v. Sheehy, 38 Mo. App. 290.

W. S. Pope and W. M. Barr for respondent.

(1) The defendant having appeared by its right name to file plea in abatement, etc., all defects were cured, especially so after the general appearance of defendant to strike out the amended statement. Tower v. Moore, 52 Mo. 118; Lumber Co. v. Lumber Co., 39 Mo. App. 214; Baisley v. Baisley, 113 Mo. 544; Reddick v. Newburn, 76 Mo. 423. (2) The amendment was proper. R. S. 1889, especially, sec. 2098, art. 6, chap. 33; Campbell v. Wolff, 33 Mo. 460; Tayon v. Ladew, 33 Mo. 205; Ward v. Pine, 50 Mo. 38; Stone v. Ins. Co., 78 Mo. 655; House v. Duncan, 50 Mo. 453. The evidence proves every material allegation in the complaint, and sustains the verdict of the jury. Cases above cited, and Tickell v. Railway, 90 Mo. 296; Duncan v. Railway, 91 Mo. 67; Ringo v. Railway, 91 Mo. 667; Jantzen v. Railway, 83 Mo. 171; Marrett v. Railway, 84 Mo. 413. (3) It was proper to assess double damage. Hamilton v. Railway, 87 Mo. 85; Donovan v. Railway, 89 Mo. 147. The verdict and judgment awards the plaintiff only substantial justice, and should be affirmed.

SMITH, P. J.—This was an action commenced before a justice of the peace. In the statement the defendant is

entitled: "The Jefferson City & Lebanon Southwestern Branch of the Missouri Pacific Railway Co." The summons was issued against the "Missouri Pacific Railway Company," and the service thereof was on the station agent of the latter company. There was judgment by default against the defendant by the name in which it was sued. The defendant, the Missouri Pacific Railway Company, took an appeal to the circuit court where it filed a plea in abatement, pending which the plaintiff filed an amended statement wherein the defendant was properly named; which said amendment the defendant moved to strike out but which was overruled.

STATEMENT.

The cause of action set forth in the statement was: "That on or about the eighteenth day of October, 1896, the defendant, by its employees, agents and servants, while running and operating a locomotive and train of cars over said railroad in said township of Saline, frightened one gray horse, the property of the plaintiff, and caused it to run into the barb wire fence of the defendant on the west side of the railroad track, and that said horse was cut and damaged thereby in the sum of thirty dollars, and that said horse came upon the track and right of way of the defendant where it passes through inclosed fields, then in possession of the plaintiff, and where there was no crossing of said railway by a public highway, and that said horse was frightened, torn and damaged while on defendant's track and right of way, where it had strayed or passed, for want of a proper and lawful fence being erected, kept and maintained by defendant, as it was required to do," etc.

There was a trial to a jury which resulted in a verdict for the plaintiff for $25. Afterwards and on motion of plaintiff the court gave judgment for double the amount of damages assessed by the jury.

The defendant objects that the trial court erred in permitting the plaintiff to amend his statement so as to designate

PLEADING: amendment of corporate name: effect. it by its corporate name. This was authorized by the statute, section 6347, Revised Statutes. There was a mistake in the name of the defendant and this was properly corrected by the amendment. Allowing the amendment to be so made did not have the effect either to substitute a new defendant or to change the cause of action. School Dist. v. Wallace, 75 Mo. App. 317, and cases there cited.

By reference to the plaintiff's statement, partly set out hereinbefore, it will be seen that the action is based on section 2612, Revised Statutes. There is no actual collision alleged therein which is essential to bring a case within the terms of section 2611. RAILROADS: injury to stock without collision: double damages. Geiser v. Railway, 61 Mo. App. 459; Harbeston v. Railway, 65 Mo. App. 161; Foster v. Railway, 90 Mo. 116. In actions under the former section—2612—single damages only are allowed. The judgment of the lower court doubling the damages assessed by the jury was therefore clearly erroneous.

The statement is, we think, sufficient under section 2611, Revised Statutes.

It results that the judgment must be reversed and cause remanded to the circuit court, with directions to enter judgment for plaintiff for single damages in accordance with the verdict of the jury. All concur.