REUBEN PAYNE, Respondent, v. QUINCY, OMAHA
& KANSAS CITY RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, June 5, 1905.

1. **RAILROADS: Killing Stock: Justice's Township.** Evidence is
held sufficient to show that the killing occurred in the justice's
township.

2. ———: ———: **Owner of Railroad: Evidence.** Evidence held
sufficient to show defendant's ownership of the railroad in ques-
tion.

3. ———: ———: **Collision: Evidence.** Evidence held sufficient
to show collision with the animals injured and that the fence
was defective.

Appeal from Sullivan Circuit Court.—*Hon. John P.
Butler,* Judge.

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1) An action under the double damage act can-
not be maintained unless it is proved on the trial that
the injury or killing was done either in the township in
which the suit was brought, or an adjoining township.
Mitchell v. Railroad, 82 Mo. 106; Blackenstoe v. Rail-
road, 86 Mo. 492; Roberts v. Railroad, 19 Mo. App. 650;
Palmer v. Railway, 21 Mo. App. 437; Wright v. Rail-
road, 25 Mo. App. 236; Kinion v. Railroad, 30 Mo. App.
573; Jewett v. Railway, 38 Mo. App. 48; Nicker-
son v. Eddy, 50 Mo. App. 569; Porter v. Railway,
66 Mo. App. 623; Mayes v. Railroad, 71 Mo. App. 140;
Hale v. Railway, 88 Mo. App. 567. (2) The animals
must have been killed by contact with an engine and
train of cars. Lafferty v. Railroad, 44 Mo. 291; Hughes
v. Railroad, 66 Mo. 235; Seibert v. Railroad, 72 Mo. 565;

Boggs v. Railway, 18 Mo. App. 274; Gilbert v. Railway, 23 Mo. App. 65; Lindsay v. Railway, 36 Mo. App. 51; Foster v. Railway, 90 Mo. 116. (3) The animals must have been killed by the train operated by the defendant company.

*Wattenbarger & Bingham* and *R. E. Ash* for respondent.

(1) The statement must show that the injury complained of occurred in the township where the justice before whom the suit is brought resides. This fact should appear from the statement and does in this case. Hausberger v. Railway, 43 Mo. 196; Haggard v. Railway, 63 Mo. 302. (2) There can be no question of the jurisdiction of the justice. State v. Metzer, 26 Mo. 65; Iba v. Railway, 45 Mo. 470; Hudson v. Railway, 53 Mo. 525; Rohland v. Railway, 89 Mo. 180; Emmerson v. Railway, 35 Mo. App. 621; Burger v. Railway, 52 Mo. App. 127; Ellis v. Railway, 89 Mo. App. 241. (3) But appellant now claims for the first time that there was no evidence to show that the killing was done either in the township where the suit was brought or an adjoining township. We do not think the double damage act demands any stricter proof than an ordinary damage suit. (4) "The hogs must have been killed by contact with an engine and train of cars," says appellant. This is true, but it does not devolve upon plaintiff to prove by direct evidence that the damages complained of were caused by defendant's engine and train of cars. Nall v. Railway, 59 Mo. 112; Ellis v. Railroad, supra.

JOHNSON, J.—This suit was begun before a justice of the peace in Penn township, Sullivan county, to recover double damages under section 1105, Revised Statutes 1899, for the killing of four hogs. Plaintiff

had judgment in the circuit court and defendant appealed.

Complaint is made of the refusal of the trial court to instruct the jury to find for defendant. It is said the evidence failed to show that the killing occurred in the township where suit was brought. The statement alleged that defendant owned and operated a railroad "over and across the following described lands belonging to plaintiff lying and being situated in Penn township, Sullivan county, Missouri, to-wit: "East half of the northwest quarter and the north half of the northeast quarter of the southwest quarter of section 25, township 63, range 19." The constable's return recited that the writ was served on defendant's station agent in Penn township. Plaintiff testified that he was the owner of the land described in the petition. The fact of its location in Penn township was not a subject of controversy and as the killing occurred where the railroad ran through this land, its location in Penn township was sufficiently proven. [Kerr v. Railroad, 113 Mo. App. 1.]

Further, it is said plaintiff failed to prove defendant's ownership of the railroad. The following is the testimony of plaintiff on this point: Q. "I will get you to state if the defendant's railroad runs through your farm? A. It does." As defendant gave no intimation of purpose to resist the action upon the ground that it did not own nor operate the road, further proof was unnecessary. [Oyler v. Railroad Co., 113 Mo. App. 375; Kerr v. Railroad, supra; Keltenbaugh v. Railroad, 34 Mo. App. 148; Geiser v. Railway, 61 Mo. App. 459; Lindsay v. Railroad, 36 Mo. App. 51.

Also, it is urged that plaintiff failed to prove that the hogs were struck by a train. No direct evidence was introduced for no one saw the killing; but the facts and circumstances disclosed very strongly pointed to a collision between the animals and one of defendant's trains as the cause of injury. The ultimate fact to be found in

such cases, as in others, is not required to be proven by direct evidence, but may be inferred from other facts and circumstances.

The defective condition of the fence separating plaintiff's feed lot in which he kept his hogs from defendant's right of way was shown, as was also the fact that the hogs reached the railroad track by passing through the defective fence. A clear case for the consideration of the jury was made out and therefore no error was committed in overruling the demurrer to the evidence. No other is claimed.

The judgment is affirmed. All concur.