J. A. HIRES et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Apeals, May 2, 1911.**

1. **RAILROADS: Killing Cow: Failure to Fence: Double Damages: Statute Strictly Construed.** Section 3145, Revised Statutes 1909, requiring railroad companies to fence their tracks and authorizing a recovery of double damages for cattle killed on account of the failure to do so, is penal, and its provisions are not to be extended, but must be strictly construed.

2. ———: ———: ———: ———: **Necessity of Proving Collision.** Under section 3145, Revised Statutes 1909, authorizing the recovery of double damages for cattle killed on account of the failure of a railroad company to fence its tracks, no right of action appears, unless the evidence tends to prove an actual and direct collision of a locomotive or train with the cattle.

3. ———: ———: ———: ———: ———: **Burden of Proof.** In an action under section 3145, Revised Statutes 1909 for double damages for cattle killed on account of the failure of a railroad company to fence its tracks, the burden is on plaintiff to make out a prima facie case.

4. ———: ———: ———: ———: ———: **Circumstantial Evidence.** In an action under section 3145, Revised Statutes 1909, for double damages for a cow killed on account of the failure of a railroad company to fence its tracks, the collision of a train with the animal may be proved as well by circumstances appearing at the time and shortly thereafter as by direct and positive evidence, but the circumstances must afford a reasonable inference, tending to prove an actual and direct collision, and mere surmise or conjecture is insufficient.

5. **EVIDENCE: Circumstantial Evidence: Nature.** The basis of circumstantial evidence is the known connection subsisting between the collateral facts proved and the principal fact in controversy, and where such evidence is relied upon, the circumstances proved must point to and suggest the principal fact in controversy as a reasonable probability, to warrant an inference that such controverted fact obtained.

6. **RAILROADS: Killing Cow: Failure to Fence: Double Damages: Sufficiency of Evidence.** In an action under section 3145, Revised Statutes 1909, for double damages for a cow alleged to have been killed on account of the failure of the railroad company to fence its tracks, evidence that, twenty-four

hours after the cow was found dead near the track, a witness discovered on the track near the point where the cow was buried indications that "some cow" had been knocked from the track was insufficient to prove the necessary fact of a collision, as no reasonable inference of a collision with the cow in question could be drawn from the fact that indications of a collision were discovered the following day, and especially is this true in view of the fact that no marks of violence were discovered on the animal.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) There is no evidence that plaintiff's cow was struck by a train; on the other hand the evidence is that the cow died from natural causes. The finding of the court that the animal was killed by a train is conjecture, and not supported by the testimony, and the judgment should be reversed. Hesse v. Railroad, 36 Mo. App. 163. (2) The facts and circumstances relied upon must constitute substantial evidence, and pass beyond the pale of mere possibility or conjecture. Reed v. Railroad, 121 Mo. App. 575; Shore v. Bridge Co., 111 Mo. App. 278; Shaw v. Railroad, 110 Mo. App. 561; Geltz v. Railroad, 38 Mo. App. 579; Perkins v. Railroad, 103 Mo. 52; Yeager v. Railroad, 61 Mo. App. 594; Pfeffer v. Railroad, 98 Mo. App. 291. (3) Actual collision by the train with the injured animal is necessary in order to justify a recovery for double damages under the statute. Lafferty v. Railroad, 44 Mo. 291; Lindsay v. Railroad, 36 Mo. App. 51.

*C. P. Hawkins* for respondent.

(1) The law requires a railroad company to fence tracks in certain localities and this was one of them, and the defendants had failed to comply with the law. R. S. of Mo. of 1899, section 1105. (2) This suit was properly brought. Rohland v. Railroad, 89 Mo. 180; King v. Rail-

road, 90 Mo. 520. (3) The law requiring fencing of railroad tracks was enacted for benefit of the public in general. Jackson v. Railroad, 43 Mo. App. 324; Rosella v. Railroad, 79 Mo. 349. (4) Stock are presumed to have gone on railroad track at point where killed, unless contrary is shown. Pearson v. Railroad, 33 Mo. App. 543; Jantzen v. Railroad, 83 Mo. 171.

NORTONI, J.—This is a suit for double damages alleged to have accrued to plaintiff through defendant's negligence in failing to construct and maintain fences along its railroad, as required by the statute. Plaintiff recovered and defendant prosecutes the appeal.

It is conceded defendant's railroad was unfenced at the point in question and that the *locus in quo* is outside of any city, town or village, where the statute enjoined the duty of fencing, and is not within the switch limits of any station. The controversy in the case relates alone as to whether or not the proof tends to show defendant's train actually collided with and occasioned the death of plaintiff's cow. Plaintiff resides in the little town of Pascola in Pemiscot county and owned the cow which it is alleged came to its death through defendant's negligence. Plaintiff's testimony goes to the effect that she milked the cow about seven o'clock on the morning of the day it was found dead and turned it out on the range. She noticed the cow wander eastward along defendant's track and some time before noon learned through a neighbor that it was dead. She immediately repaired to the place and found the cow lying dead about seventeen yards south of the railroad track. Plaintiff says she looked at the animal and returned to her home, but made no investigation whatever as to whether or not the cow had been upon the railroad track. She observed no cow tracks or indication of a collision with a train, and did not attempt to speak upon the subject of the dead cow itself showing evidence of violence or a collision. Indeed, so far as plaintiff's evidence is concerned, it is

absolutely devoid of anything tending to prove the cow came to its death from a collision with defendant's train. Plaintiff admits, however, that the cow had been sick about three months before that with a disease known as the "hollow tail" and says she had had the cow's tail split for that disease and it had fully recovered therefrom.

Defendant's theory of the case is, that the cow died from the "hollow tail" and not from a collision with its train. No witness in the case suggests there was any indication about the dead cow tending to show it had been run upon or collided with by a train; on the contrary, a farmer who was plowing along adjacent to the track said he saw the cow down as though she were sick and went out and examined her before she died. Upon approaching, he thought the animal had been struck by the train but upon looking it over and making an examination along the track found no sign whatever to that effect. He said, too, he discovered she was sick, and finding that her tail had been split, concluded she was dying from the disease known as "hollow tail." Defendant's section foreman, who buried the cow in the middle of the afternoon, said he found no traces of a collision about her nor did he discover any signs indicating cattle had been upon the track or that a collision had occurred thereabout. It was in evidence defendant's passenger train passed along the road about an hour and a half after the cow was turned out in the morning, but no one suggests that it sounded a stock alarm as though cattle were upon the track, nor that the cow was seen upon or about the right of way at that time. One witness for plaintiff visited the scene on the morning succeeding that on which the cow was found dead, fully twenty-four hours after the event, and says that upon investigation he discovered indications on the track as though a collision with a member of the "cow family" had occurred, but he did not see plaintiff's cow, for she had

been buried the day before. However, the witness saw a mound of earth where the cow had been buried the previous day and the indications on the track, of which he spoke, were in close proximity thereto; as we understand it, about seventeen yards away. All of the evidence of this witness touching the matter is as follows:

"I walked east along the track . . . where an animal had been buried on the south side of the track about five hundred feet east of the switch and on the south side of the embankment, there was a little embankment four or five feet, some cow—cow family had either been knocked from the track or—

" Mr. Whybark: Object to that because it is more than twenty-four hours afterwards; the place hasn't been identified.

"Court: That is a circumstance."

This is all that appears in the evidence in chief from this witness but the two last questions propounded to him on cross-examination and his answers thereto touch upon the matter again as follows:

"Mr. Whybark: You couldn't tell what animal made these tracks excepting they were cow tracks A. No, sir, some cow animal did it.

"Q. It might have been a steer? A. Yes, sir, it might have been a bull."

This meager scrap is all of the evidence there is in the record pertaining to indications of an animal being upon the railroad track and there is nothing whatever in this to suggest a collision with plaintiff's cow. Besides it appearing this evidence relates alone to observations made a full day after plaintiff's cow came to her death, there is nothing in it to suggest that plaintiff's cow was the object of a collision on the track, for the country was open and the railroad unfenced and it may be some other animal was collided with, about which nothing appears in the record. This is not to be inferred, of course, but the point is, no inference of a collision with plaintiff's cow appears, for the proof does not suggest a collision

with this cow, as no witness intimated the cow gave evidence of any indication of violence whatever. There is not even a mention in the evidence of cow hair being found about the place or what was the color of plaintiff's cow, nor that her body revealed any abrasions of the skin or other rough usage.

The suit proceeds under the statute (sec. 3145, R. S. 1909), which requires railroads to fence the tracks and authorizes a recovery of double damages for cattle killed on account of the failure to do so. The statute is penal and its provisions are not to be extended but strictly construed. Under this section, it has ever been the rule of decision that no right of action appears unless the evidence tends to prove an actual and direct collision with the animal. [Lafferty v. H. & St. J. R. Co., 44 Mo. 291; Seibert v. M. K. & T. R. Co., 72 Mo. 565; Hesse v. St. Louis, I. M. etc. R. Co., 36 Mo. App. 163.] Of course, the burden is on plaintiff to make a prima facie case. Until then there is no duty devolved upon defendant with respect to the matter of proof. Though defendant introduced proof in this instance, it in no matter aided plaintiff's case, but, on the contrary, tended to show not only that there were no indications of a collision upon the cow itself, but no indications thereof on the track immediately or for several hours after the cow was found dead on the day the collision is said to have occurred. But, in determining the matter, the proof in favor of defendant will not be considered, as it in no respect aided plaintiff's case. It is true the fact of the collision with the animal may be proved as well by circumstances appearing at the time and shortly thereafter as by direct and positive evidence. [Blewett v. Wyandotte, etc., R. Co., 72 Mo. 583]; but such circumstances must be sufficient to afford a reasonable inference tending to prove an actual and direct collision occurred with the dead or injured animal. A mere surmise or conjecture is no more allowed in such cases than in others. [Hesse v. St. Louis, I. M. etc., R. Co., 36 Mo. App. 163.] Indeed,

it is true in every instance where circumstances are invoked and relied upon as substantial evidence, that such circumstances must suggest and point to the principal fact in controversy as a reasonable probability, in order to authorize an inference that such controverted fact obtained. The very basis of all circumstantial evidence is the known and experienced connection subsisting between the collateral facts proved and the principal fact in controversy between the parties. [Shaw v. St. Louis, M. etc., R. Co., 110 Mo. App. 561, 566, 567, 85 S. W. 611; 1 Greenleaf on Evidence, sec. 11.] The principal fact in controversy here, and that which the law devolved upon plaintiff the burden to establish as a predicate to her right of recovery, is that an actual collision occurred between defendant's locomotive or train and her cow. It is not enough to show circumstances indicating a collision with some of the "cow family" or some cow, without more, for it is the death of plaintiff's cow that constitutes the subject of the action. There is naught in the case affording substantial evidence to the effect that a collision occurred with plaintiff's cow, for no reasonable inference of a collision with this animal can be drawn from the fact that cow tracks and an indication of a collision with a cow or a member of the "cow family" were seen upon the track immediately adjacent, on the following day. Especially is this true in view of the total absence of anything suggesting indicia of violence about the animal itself, when it was discovered dead two or three hours after having been turned out of the lot in the morning. It may be that, had any witness testified to having seen cattle tracks and indications of a collision, such as cow hair, the color of this animal, on the railroad within a few hours after the cow was discovered dead, or even on the following day, we would not feel inclined to disturb the finding; but to draw and utilize an inference of an actual collision with plaintiff's cow from the fact alone that indications of a collision on the track with a member of the "cow family" only dis-

covered on the following day, more than twenty-four hours after the alleged occurrence, and without anything suggesting violence to the animal itself, extends the rule pertaining to substantial evidence arising from circumstances quite beyond a conservative and just administration of the law, and may not be affirmed.

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.