## BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

## AT THE

## MARCH TERM, 1914.

---

CHARLES W. EGGLESTON, Respondent, v. THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 2, 1914.**

1. **DAMAGES: Railroad: Right of Way: Statute.** One cannot maintain an action for double damages to live stock on a railroad right of way under Sec. 3145, R. S. 1909, unless the injury was the result of an actual collision occasioned by a failure to fence as required by the statute and the burden is on the plaintiff in such cases to plead and prove this constitutive fact.

2. ———: ———: **Evidence: Burden of Proof.** The burden is on the plaintiff to point with reasonable certainty to a collision as the proximate cause of the damages, and while he might establish such fact by circumstantial evidence, he cannot be said to have sustained his burden by evidence which ends at the mere disclosure of two or more equally reasonable and probable causes for one or more of which the defendant would not be liable.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

REVERSED.

177 Mo. App.]                    (346)

*Lathrop, Morrow, Fox & Moore, Hugh E. Martin* and *Cyrus Crane* for appellant.

*W. C. Chamberlin* for respondent.

JOHNSON, J.—This is an action for double damages under section 3145, Revised Statutes 1909, appealed by defendant from a judgment recovered by plaintiff in the circuit court.

The evidence of plaintiff shows that his cow met a violent death on defendant's right of way at a place in Blue township, Jackson county, where the statute required defendant to maintain lawful fences and cattle guards, but it fails completely to show that her death was caused by a collision between her and an engine or car on the railroad. The rule is well settled that a plaintiff cannot maintain an action for double damages under section 3145, unless the injury was the result of an actual collision, occasioned by a failure to fence as required by the statute and the burden is on the plaintiff in such cases to plead and prove this constitutive fact. [Lafferty v. Railroad, 44 Mo. 291; Seibert v. Railroad, 72 Mo. 565; Foster v. Railroad, 90 Mo. 116; Perkins v. Railroad, 103 Mo. 52; Shaw v. Railroad, 110 Mo. App. 561; Hires v. Railroad, 157 Mo. App. 46.]

The cow was found in a hole near the track, lying on her back with her neck twisted so that her head was under her body, and with her hind feet protruding. The hole was about three feet deep and when found the body was so bloated that it fitted tightly in the hole and resisted the efforts of the section men to remove it. There were no broken bones, no abrasions of the hide, no hoofprints or other marks around the hole, or on or near the railroad track. The weeds were not disturbed, nor were there any signs on the banks of the depression to indicate the cause of the fall of the cow. Plaintiff filed no brief but we infer that

his position is that the absence of marks in the weeds and on the banks and of hoof prints around the hole tends to exclude the inference that the cow accidentally fell into the hole while grazing, or running in fright from a passing train, but the trouble with such contention is that it is based on the same facts and reasoning that negative the inference of a collision with a passing engine or train. If the cow had been in a collision sufficiently violent to toss her to one side and throw her into a hole in the wayside, unmistakable signs of such cause of the injury would have been left on and near the track, in and around the hole, and on the body of the animal. The evidence leaves the cause of the injury in the realm of mystery and speculation. The burden of plaintiff was to point with reasonable certainty to a collision as the proximate cause and while he might establish such fact by circumstantial evidence (Creson v. Railroad, 152 Mo. App. 197), he cannot be said to have sustained his burden by evidence which ends at the mere disclosure of two or more equally reasonable and probable causes for one or more of which the defendant would not be liable. Clearly the verdict and judgment are products of mere conjecture or arbitrary choice between different probable causes and, being such, cannot be suffered to stand. The judgment is reversed. All concur.