JOHN MONTGOMERY, Respondent v. DEERING SOUTHWESTERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, April 24, 1917.

1. **RAILROADS: Injury to Animals: Fences: Circumstantial Evidence.** Though R. S. 1909, sec. 3145, allowing double damages for injuries to animals on railway tracks, where railway company fails to maintain a lawful fence and sufficient cattle guards, is a penal statute and must be strictly construed, circumstantial evidence may be sufficient to sustain a judgment for plaintiff.

2. ———: ———: ———: *Sufficiency of Evidence.* Circumstantial evidence, showing defective condition of railway fence, that plaintiff's cow was seen on the railway right of way, and the next morning was found injured with marks of having been violently struck, coupled with the facts that cow's tracks, evidences of collision with an animal, and hair and hide corresponding with that of plaintiff's cow were found, *held* sufficient to warrant recovery under Sec. 3145, R. S. 1909, allowing double damages where railway company fails to maintain lawful fence and sufficient cattle guards.

3. **APPEAL AND ERROR: Harmless Error: Instructions.** In the absence of evidence that plaintiff's cow, struck by a railway train, crossed over a cattle guard, the evidence showing that she reached the track by going through railway company's defective fence, instructions, not submitting question as to defects in cattle guard, were harmless.

4. **RAILROADS: Injury to Animal by Train: Damages: Instructions: Immediately.** In instructions to assess as damages the difference between the reasonable market value of said cow "immediately before" being injured on railway track and "the reasonable market value of said cow after" the injury, the word "immediately" was used to fix the condition prior to the injury.

5. **APPEAL AND ERROR: Harmless Error: Evidence: Conclusion of Witness.** Having described actual condition of railway fence in action for injury to cow struck by a train, witness' conclusion that fence was bad, was harmless.

6. ———: ———: ———. Where witness, in answer to question, stated that he had heard of no cow being struck by a train in the community other than plaintiff's cow, admission of such evidence was harmless, although the evidence was hearsay.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*R. L. Ward* for appellant.

And such testimony as that above set out is merely opinions and conclusions and inadmissible. Esebank v. Cy., 88 Mo. 650; Southern Iron Co. v. Smith, 257 Mo. App. 226; Dammann v. Cy., 152 Mo. 186; Fair Grieve v. Cy., 29 Mo. App 141; Walton v. Railroad, 40 Mo. App. 544. The case was tried on opinions and conclusions of plaintiff and his witnesses over our objections and exceptions—all of which the court promptly overruled. "An opinion by a witness with regard to matters that the jury are as competent to judge as the witness is incompetent and inadmissible." St. Louis v. Stock Co., 120 Mo. 541; Koening v. Railroad, 173 Mo. 698; Hurt v. Railroad, 94 Mo. 255; Schrodt v. Cy., 109 Mo. App. 627. "Witnesses must state facts and not opinions and conclusions." Sparr v. Willman, 11 Mo. 230; Wethnell v. Patterson, 31 Mo. 458.

*Sam J. Corbett* and *Roy G. Garrison* for respondent.

"It is objected that the petition fails to state a cause of action in that it alleged that the hog entered on the track by reason of the failure and neglect of defendants 'to erect and maintain good and lawful fences along the sides of its said road and construct sufficient cattle-guards.' The point made against the petition is that it merely alleged the failure to erect and maintain lawful fences, which is a legal conclusion; whereas it ought to have stated in what particular the fence was unlawful. The allegation of the petition was in the usual form. There is no merit in the appeal and the judgment is

affirmed." Till v. Railroad Co., 124 Mo. App. 283; Clem v. Railroad Co., 119 Mo. App., 245, 248.

FARRINGTON, J.—This is a suit brought by respondent seeking recovery of double damages under section 3145, Revised Statutes 1909, for injury to a cow owned by him alleged to have been struck by one of defendant's trains at a place in Dunklin county where defendant was required to maintain a lawful fence and cattle-guard sufficient to prevent cattle and other animals getting on the railroad. He was given a verdict for $35 which was doubled in the judgment, and from the judgment for $70 this appeal is taken.

Plaintiff owned a jersey cow, referred to in the record as "a breechy old gal." A field of his farm was bordered by the defendant's railway for something like a half a mile. The evidence is convincing that a fence which was maintained by the railroad company separating its right of way from plaintiff's field was not a lawful fence but on the other hand was in a bad state of repair—torn down in several places, at places trees had fallen across the wires, posts had fallen down, at places the wires were loose from the posts, and the fence was in such condition at many places along plaintiff's field as to permit animals to cross from the field onto the right of way and track. It is unnecessary to go into the details of the evidence as to all this as the bad condition of the fence is proven beyond controversy, and this condition prevailed at the time plaintiff's cow was hurt and had prevailed for a number of years prior thereto. A cattle-guard is maintained near one end of this field and several witnesses say that plaintiff's cow had been seen to cross over this cattle-guard "whenever she wanted to." On one afternoon in January the plaintiff's cow was seen in his field or pasture and later in the day was seen on the railroad right of way opposite this field. Nothing more appears concerning the cow's whereabouts until the next morning when she was found to be out of the field and in a public road in the direction of and near to another line of railway known as the Frisco. She bore evidence of having been in a catastrophe of some kind

as she was scratched and bruised and at several places on her body the hair and hide had been skinned off, one of these places testified to by the witnesses as being as big as a hand and one witness says as big as two hands. She was crippled and walked with a limp and could hardly get up or down. She appeared in this condition early the next morning after she was seen the afternoon before on defendant's right of way opposite plaintiff's field. On examination made by several witnesses there was found a place on defendant's right of way and track opposite plaintiff's field where an animal of some kind had been struck, knocked down and dragged along the ties and track, and there was also found hair and hide at this place, the hair corresponding in color with that of plaintiff's cow. The evidence discloses that prior to the time she was injured she was reasonably worth $65 and that after her injury the cow was worth from $10 to $15. It, is shown that she recovered from the injury except that she remained cripple and that one of the places where the hide had been knocked off had not entirely healed and haired over. The plaintiff kept her for some time, she in the meantime giving birth to a calf (be it said to plaintiff's credit that he did not claim there was a miscarriage!), and then plaintiff sold her for $30.

With the evidence in this condition, appellant complains that its instruction directing a verdict for it should have been given.

Our attention is called to the fact that this is a penal statute and must be strictly construed and that to recover under the statute the evidence must show an actual striking of the animal by defendant's engine and cars (Hires v. Railroad, 157 Mo. App. 46, 137 S. W. 60; Colbert v. Railway Co., 78 Mo. App. 176), and that there being no witness who actually saw how she got on the right of way the verdict of the jury was based upon conjecture rather than evidence. An additional fact should be stated and that is that it was shown that after the cow was seen on the right of way on the afternoon before the morning when she came up crippled one of defendant's trains had passed along the railroad.

The law does not require direct evidence of one who saw the collision, nor direct evidence as to how the animal came to be on the right of way and track. Such facts may be found from circumstances which strongly point to a collision between the animal and defendant's train and from circumstances from which it can reasonably be inferred how the animal arrived at the place where the collision occurred. The defective condition of the right of way fence, with the testimony that the cow was seen in plaintiff's field and afterwards on the same day seen on defendant's right of way opposite the field, are circumstances from which any reasonable mind can draw the conclusion that the animal went over or through the fence at some one of the places where it was down and not maintained as a lawful fence; and likewise the evidence that the cow was actually found injured with marks of having been violently struck, coupled with the evidence that on defendant's right of way and track were found cow's tracks and evidences of a collision with an animal and evidences of hair and hide that corresponded with that of plaintiff's cow, are circumstances from which the jury were justified in drawing the conclusion that it was plaintiff's cow that was struck by a train which was shown to have to run along this track after the animal was seen on the right of way. We cite the following cases where judgments were upheld on evidence of the same character as that contained in this record: Payne v. Railroad, 113 Mo. App. 609, 611 88 S. W. 164; Reed v. Railway Co., 112 Mo. App. 575, 87 S. W. 65; Clem v. Railroad, 119 Mo. App. l. c. 250, 96 S. W. 226; Ehret v. Railway Co., 20 Mo. App. 251. In the case of Hires v. Railroad, 157 Mo. App. 46, 137 S. W. 60, where the judgment was reversed for a failure of proof, the court (l. c. 52), suggests the very things as absent in the proof in that case which are present in this. We are cited by appellant to the case of Eggleston v. Railway Co., 177 Mo. App. 346, 164 S. W. 169, an examination of which shows the facts therein to be clearly distinguishable from those in our case. We therefore overrule appellant's contention that the demurrer to the evidence should have been sustained.

Appellant complains that the court committed error in giving instruction No. 1 asked by plaintiff, submitting, liability on a failure of the defendant to construct and maintain a good and sufficient cattle-guard on its railroad. While the evidence shows that this cow might have crossed over a cattle-guard constructed and maintained by the defendant and reached the place of the collision, and that she had been seen to cross this cattle-guard "whenever she wanted to," there is no evidence that she was seen doing so on this occasion, nor any evidence that she was at a place where she would likely do so, just prior to the time when her injury must have occurred. As stated before, the facts clearly lead to the inference that she left plaintiff's field and passed over defendant's badly maintained fence onto its right of way. And while the court should not have submitted the question of a defective cattle-guard to the jury, we are unable to conceive how such submission could in any way have affected the result.

Appellant contends that the measure of damages fixed in plaintiff's instruction No. 1 was improper. This portion of the instruction is as follows: ". . . you will find the issues for the plaintiff and assess his damages at such sum as you may find and believe from the evidence to have been the difference between the reasonable market value of said cow immediately before she was so maimed, wounded and injured and the reasonable market value of said cow after she was so maimed, wounded and injured, not to exceed, however, the sum of $75." Appellant argues that this instruction reads that the value is to be fixed immediately before she was injured and *immediately after* her injury. The instruction does not read that way. The word "immediately" is used to fix the condition prior to the injury. The evidence is uncontroverted that this cow was worth from $10 to $15 after the injury, some of the witnesses fixing this as her value two weeks after the injury, and the evidence shows without contradiction that she was later sold for $30. This, coupled with the undisputed testimony that she was worth $65 before she was injured, is

198 M. A.—2

convincing that the jury took into consideration the damage resulting from the injury rather than what would have been her market value immediately after the injury which some of the witnesses testified was practically nothing. The instruction did not mislead the jury and the giving of the same should not be held reversible error.

Much stress is laid on the action of the trial court in admitting certain testimony over defendant's objections and exceptions, going to the question of the condition of the fence. A number of the witnesses on being asked its condition testified that it was in bad condition, which was objected to as being a conclusion. The record discloses, however, that immediately before or after such statements were made by the witnesses the actual condition was described by the witnesses—by telling that the wires were off, that the posts were down, and that trees had fallen across the fence. These objections are therefore technical and without merit. Having described the actual condition, a witness could in no way prejudice the jury or invade its province by describing it generally as bad.

It is also urged that the court erred in permiting one witness to swear that he had not heard of any other cow in the community being struck, the objection being that "it called for hearsay evidence." The answer of the witness that he had heard of none disposes of the objection.

There being no reversible error in the record before us the judgment is affirmed. *Cox, P. J.,* and *Sturgis, J.,* concur.