LOUIS EATON, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals.    Submitted on Briefs February 4, 1919.
Opinion Filed March 4, 1919.**

1. **NEGLIGENCE:** Failure to Fence Right of Way: Injury to Live Stock: Statutory Remedy not Exclusive.    The statutory action providing a remedy for damages for loss of stock arising from the negligence of a railroad company in failing to fence or properly to equip with gates and guards its right of way and track as required by section 3145, Revised Statutes 1909, is not exclusive of the common-law right of action for negligence therein.

2. **RAILROADS:** Failure to Fence Right of Way: Injury to Live Stock: Liability.    Where it is admitted that the railroad was not fenced at all as required by section 3145, Revised Statutes 1909, and that in consequence of that, the plaintiff's mare got on the track and was killed by reason of becoming entangled in and falling off a trestle, and as the failure and neglect to erect and maintain fences along the track was a violation and disregard of a statutory duty, *held* that plaintiff was entitled to recover the damages actually sustained.

Appeal from the Circuit Court of St. Francois County. —*Hon. Peter H. Huck*, Judge.

AFFIRMED.

*Edward A. Rozier* for appellant.

(1) The injury complained of did not give a cause of action under the statutes of Missouri, imposing lia-

bility upon railroads for failure to fence; for the animal was not struck by a moving train, nor was it frightened. Hughes v. Railway, 66 Mo. 325; Foster v. Railroad, 90 Mo. 116; Lafferty v. Railroad, 44 Mo. 290; Hesse v. Railroad, 36 Mo. App. 163; Lindsay v. Railroad, 36 Mo. App. 51; Gilbert v. Railway, 23 Mo. App. 65; Seibert v. Railway, 72 Mo. 565; Colbert v. Railway, 78 Mo. App. 176. (2) The statutes of Missouri requiring fencing were adopted in the exercise of the police power for the safety of the public from the operation on railroads of its engines and cars. Gorman v. Railway, 26 Mo. 441-447; Perkins v. Railway, 103 Mo. 52-57; Barnett v. Railroad, 68 Mo. 56-62-63; Trice v. Railroad, 49 Mo. 438-440; Spealman v. Railway, 71 Mo. 434. (3) A fair reading of the statute (see 3145, Rev. Stat. 1909) shows the duty to fence is to guard the damages from the operation of the railroad. Gorman v. Railway, 26 Mo. 441-447; Dooley v. Railway, 36 Mo. App. 381-387. (4) The fencing statutes only apply to the operations of a railroad, for the safety of the public, under the police power of the State. Gorman v. Railway, 26 Mo. 441-447: Perkins v. Railway, 103 Mo. 57; Barnett v. Railroad, 68 Mo. 56-62-63; Trice v. Railroad, 49 Mo. 438-440; Spealman v. Railway, 71 Mo. 434. (5) The protection given by sections 3145, 3146 and 5428, Revised Statutes 1909, was to prevent injuries to stock from the operation of engines and cars on the railroad (tracks), but chiefly to guard passengers from injuries that might arise from collision with such stock. Gorman v. Railway, 26 Mo. 441-447; Perkins v. Railway, 103 Mo. 52-57; Rinehart v. Railway, 204 Mo. 269-277; Stanley v. Railway, 84 Mo. 625-630; Hill v. Railway, 49 Mo. App. 520-535; Robinson v. Railroad 57 Mo. 494-496; Riggs v. Railroad Co., 120 Mo. App. 341-353; Brown v. Railroad, 127 Mo. App. 614-618; Hume v. Railroad, 9 Mo. App. 588, Mem.; Lafferty v. Railroad, 44 Mo. 291-294; Jackson v. Railway, 43 Mo. App. 324; Kinion v. Railway, 39 Mo. App. 382-387. (6) Except for damages from operation, a railroad company does not owe a greater duty to grazing stock than

any other landowner. Hughes v. Railroad, 66 Mo. 325-327; Gorman v. Railway, 26 Mo. 441-447; Dooley v. Railway 36 Mo. App. 381-387; Foster v. Swope, 41 Mo. App. 137-144; Hill v. Railway, 49 Mo. App. 520-535.   (7) The railroad did not have to fence, so as to prevent injury to stock straying into the trestle of its track. Hughes v. Railroads, 66 Mo. 325; Teague v. Clemons, 180 Mo. App. 464; Turner v. Thomas, 71 Mo. 596; Foster v. Swope, 41 Mo. App. 137-144; Colvin v. Sutherland, 31 Mo. App. 77-82; Wilt v. Coughlin, 176 Mo. App. 275-283; Peck v. W. U. Tel. Co.. 159 Mo. App. 148-9; Schmidt v. K. C. Dist. Co., 90 Mo. 284-293; Dooley v. Mo. Pac. Ry., 36 M. App. 386; Hill v. Railroad, 49 Mo. App. 535; Hill v. Railroad 121 Mo. 477.   (8)   There are three general exceptions to the rule that an owner of land is not an insurer of stock coming thereon.   (a) Where the erection is one enticing to children or stock.   Barney v. Railroad, 126 Mo. 381; Schmidt v. K. C. Dist Co., 90 Mo. 284-293.   (b)   Where the erection is near a traveled highway.   Teague v. Clemons, 180 Mo. App. 464; Colvin v. Sutherland, 31 Mo. App. 77; Witt v. Coughlin, 176 Mo. App. 283; Peck v. W. U. Tel., 159 Mo. App. 148.   (c)   Where the erection of fences, a pocket or trap is created.   Hill v. Railway, 49 Mo. App. 534-535; Boggs v. Railroad, 18 Mo. App. 274; Dubray v. Railway, 128 S. W. 1092.   (9)   The case of McCaskey v. Q., O. & K. C. R. R., 174 Mo. App. 724, relied on by plaintiff, is in direct conflict with the decisions of the Supreme Court, unless is comes under subdivision C, article 8,   See cases cited under article 6.   (10) There is no causal connection between the alleged act of negligence and the injury.   Montgomery v. H. & St. J., 90 Mo. 442; Lowery v. Railroad, 40 Mo. App. 554; Rowen v. Railroad, 82 Mo. App. 24-29; Stoneman v. A. & P. Ry., 58 Mo. 503-504.

*R. C. Tucker* for respondent.

The Statute of Missouri enjoined upon the appellant the duty to erect, keep and maintain lawful fences along the sides of its railroad, where it passes through en-

closed and cultivated fields and unenclosed lands. Revised Statutes 1909, section 3145. A failure to perform a statutory duty constitutes negligence, which affords a right to action to anyone injured thereby. McCaskey v. Railway 174 Mo. App. 724; Ashby v. Grand Road, 99 Mo. App. 185; Easley v. Mo. P. Ry. Co. 113 Mo. 236; Henlin v. Mo. P. Ry. Co., 104 Mo. 381. Gratiot v. Mo. P. Ry. Co., 116 Mo. 450. Where a railway fails to maintain the kind of enclosure required by law, and as a consequence of such negligence, an animal strays upon the tract and is injured, the owner may recover damages thus inflicted upon him, though the manner of the injury may be outside the purview of the statutory remedies. McCaskey v. Railroad, 174 Mo. App. 724; Hill v. Mo. P. Ry. Co., 49 Mo. App. 520. It has been settled in this State by a long line of decisions that the statute is cumulative, and does not displace the common law in the situation to which it applies. Hill v. Mo. P. Ry. Co., 49 Mo. App. 526.

REYNOLDS, P. J.—Plaintiff commenced this action before a justice of the peace by filing a statement, in which he set out that defendant, a railroad corporation owning and operating a railroad passing through Randolph Township, in St. Francois County, on April 18, 1915, and for a long time prior thereto, negligently and carelessly failed to erect, keep and maintain fences along the sides of its railroad where it passes through uninclosed lands in Randolph Township, and that, on the above date, by reason of defendant's negligence plaintiff's mare strayed in and upon the railroad, became entangled in a trestle on the railroad and was killed, to plaintiff's damage in the sum of $150, for which, with costs, he asks judgment.

The cause, appealed from the justice to the circuit court, was tried and submitted on an agreed statement of facts as follows, a jury having been waived:

"That on or about April 18, 1915 plaintiff owned a horse which he turned out of his lot between nine and ten o'clock of that night, and that same was injured

and died from such injuries which resulted from said horse becoming entangled in and falling off one of the trestles of the railroad track of M. R. & B. T. Ry., that the last train over said road arrived at Leadwood at 7:35 p. m., on April 18th, and that the first train on said road on April 19 left Leadwood at 6:15 a. m. It is therefore agreed that the injuries to said animal were not caused by such animal being struck or frightened or in any way injured by any of the locomotives, trains, or cars of said defendant and neither was said animal led or brought in or upon said railroad by any of the employes of said railroad company. It is further agreed that the trestle on said railroad was in ordinarily good shape, but that said railroad and said trestle were unprotected and unguarded by fences and that the value of the mare was $150.''

Taking the cause under advisement the circuit court found for plaintiff and assesed his damages at the sum of $150, from which defendant has duly appealed.

It is earnestly insisted by learned counsel for appellant, that inasmuch as it does not appear that the animal was struck by a moving train, nor frightened while on the line, plaintiff cannot recover.

Learned counsel for repondent, however, contends that his action is not a statutory one but is a common law action for injuries sustained by reason of the defendant failing to perform a statutory duty.

Section 3145 of the Statutes of 1909 makes it the duty of railroads operating in this State to erect and maintain ''lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings,'' etc., ''sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad,'' and provides that until such fences, openings and gates are made and maintained, the corporation shall be liable ''in double the amount of all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from

or coming upon said lands, fields or inclosures, occasion- ed in either case by the failure to construct or main- tain such fences or cattle guards.''

Section 3146 of the same statute provides that whenever live stock shall go upon any railroad or its right of way, and the railroad is not at such place or places inclosed by a good fence on both sides, such as is required by law, and the stock, by being frightened or run by any passing locomotive or train on the rail- road, shall be injured or killed by or because of having run against the fence on either side, or into any culvert, etc., the company shall pay the owner the damages sus- tained. This last section has no application here, but we quote it as it is referred to in several cases here- after cited, where the question of frightening and killing or injuring stock has arisen.

In a multitude of cases decided by our Supreme Court and the Appellate Courts, it has been held that to recover the penalty given by this statute, the injury must be one which results from the engines or cars of the railroad company coming into actual physical con- tract with an animal which has, in consequence of the lack of fences, gates, and guards, strayed on the right of way and been killed or injured by such car or en- gine of the railroad. [See Gorman v. Pacific Railroad Co., 26 Mo. 441; Lafferty v. Hannibal & St. J. R. R. Co., 44 Mo. 291; Hughes v. Hannibal & St. J. R. R. Co., 66 Mo. 325; Seibert v. Missouri, K. & T. Ry. Co., 72 Mo. 565; Halferty v. Wabash, St. L. & Pacific Ry. Co., 82 Mo. 90; Foster v. St. Louis, I. Mt. & S. Ry. Co., 90 Mo. 116; 2 S. W. 138; Hill v. Missouri Pac. Ry. Co., 121 Mo. 477, 26 S. W. 576 (affirming the judgment of our court in the same case, as see 49 Mo. App. 520, l. c. 535). And in the Courts of Appeals in Geiser v. St. L., I. Mt. & S. Ry. Co., 61 Mo. App. 459, l. c. 462; Yeager v. Chicago, B. & Q. Ry. Co., 61 Mo. App. 594; Eggleston v. Kansas City Southern Ry. Co., 177 Mo. App. 346, 164 S. W. 169.] If, therefore, this was a statutory action to recover double damages as prescribed by the

statute, undoubtedly the plaintiff in this case could not recover.

But, as claimed by plaintiff, the statutory action is not exclusive in providing a remedy for damages arising from the negligence of the railroad company in failing to fence or properly equip with gates and guards its right of way and track. Thus, in Hanlon v. Missouri, Pac. Ry. Co., 104 Mo. 381, 16 S. W. 233, an action to recover damages sustained by reason of a failure to observe certain municipal ordinances, it is said (l. c. 387):

"It is well settled that a failure to observe such reasonable and wholesome requirements constitutes negligence in itself (citing cases). Such negligence alone will warrant a recovery when it appears that obedience to the requirements of the ordinance would have prevented the injury, but not otherwise." [See, also, Dahlstrom v. St. Louis, I. Mt. & S. Ry. Co., 108 Mo. 525, l. c. 538, 18 S. W. 919; Gratiot v. Missouri Pac. Ry. Co., 116 Mo. 450, l. c. 463, 21 S. W. 1094.] The same rule undoubtedly applies to violation or disregard of the provisions or requirements of a statute. [Lafferty v. Hannibal & St. J. R. R. Co., supra, l. c. 293.] That is undoubtedly the thought in the mind of Judge JOHNSON, speaking for the Kansas City Court of Appeals in McCaskey v. Quincy, Omaha & K. C. R. R. Co., 174 Mo. App. 724, 161 S. W. 277, and of our court in Dubray v. Chicago & A. Ry. Co., not to be officially reported but see 182 S. W. 1092, l. c. 1094, in citing the Eggleston and other cases.

As it is admitted in this case that the railroad was not fenced at all, and that in consequence of that, the mare got on the track and was killed by reason of becoming entangled in and falling off the trestle, and as the failure and neglect to erect and maintain fences along the track was a violation and disregard of a statutory duty, plaintiff is entitled to recover the damages actually sustained.

The judgment of the circuit court is affirmed. *Allen* and *Becker, J. J.,* concur.