DEE BROWN, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1907.

1. **RAILROADS: Killing Stock: Adjoining Proprietor: Highway.** Where a railroad passes along a highway it is required to fence its tract as a police regulation for the protection of the public generally and is liable for injuries to animals caused by a failure of such fence, whether the owner be the adjoining proprietor or not.

2. ———: ———: **Evidence: Witness's Opinion: Answer.** Where a witness gives his opinion notwithstanding it was excluded by the court, and the answer is permitted to remain in the record, there is no cause for exception.

3. ———: ———: ———: **Experimenting With Gate After Accident.** Certain experiments made with a gate as to its sufficiency after the accident are held admissible, as the evidence amounts to a statement of fact and not to a conclusion.

4. ———: ———: **Fence: Negligence: Trainmen.** In an action for injury to stock by failure of the lawful fences, the question of the negligence of trainmen in killing the stock is not in the case.

5. ———: ———: **Plaintiff as a Witness: Instruction.** An instruction relating to the weight of the testimony of a plaintiff and the effect of certain admissions is held to be a comment on the evidence and properly refused.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) The court erred in overruling defendant's instruction in the nature of a demurrer to the evidence, especially the one offered at the close of all the evidence. The plaintiff was not the owner or proprietor of the adjoining lands. Section 1105 of the Revised Statutes of 1899 was intended for the benefit of adjoining owners or proprietors and not for the benefit of owners of trespassing animals. Carpenter v. Railroad, 25 Mo. App. 110; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384; Johnson v. Railroad, 80 Mo. 620; Peddicord v. Railroad, 85 Mo. 160, 162; Geiser v. Railroad, 61 Mo. App. 459; Bank v. Railroad, 109 Mo. App. 165; Phillips v. Railroad, 107 Mo. App. 203. (2) The defendant was not liable for the killing of the horse which came upon the tracks through the gate that had been left open by some one else, without the knowledge or consent of the defendant. Harrington v. Railroad, 71 Mo. 384; Binicker v. Railroad, 83 Mo. 660; Ridenore v. Railroad, 81 Mo. 227, 231; Railroad v. Kavanaugh, 163 Mo. 54; Morrison v. Railroad, 27 Mo. App. 418, 431; Bumpas v. Railroad, 103 Mo. App. 202, 207. (3) Defendant's section men had repaired the fence and shut and fastened the gate the second day before the injury, and there is no evidence that defendant, or its employees, had any notice that the post had been again removed and the gate opened and left opened, and no recovery can be had in this case without showing that defendant had such notice. Fitterling v. Railroad, 79 Mo. 504, 508; Morris v. Railroad, 79 Mo. 367; Clardy v. Railroad, 73 Mo. 576, 578; Case v. Railroad, 75 Mo. 668; Laney v. Railroad, 83 Mo. 466; Francis v. Railroad, 118 Mo. App. 435, opinion 437. (4) The court erred

in refusing to permit appellant to prove by Miller, the section foreman, who had repaired and fastened the gate almost daily, and who had fastened it the Saturday evening before the horse was hurt, and who knew all about the condition he had left the gate in, that it could not have been opened by the shaking by the wind. This evidence was competent, and should have been admitted. (5) The court likewise erred in permitting the plaintiff to prove by the witness Grubb, and by plaintiff that the working of the gate back and forth, the slat would work out and the gate come open.

*E. M. Harber* and *A. G. Knight* for respondent.

(1) There is nothing in appellant's first point that because the plaintiff was not the owner or proprietor of the adjoining lands, that he cannot avail himself of the provisions of section 1105, Revised Statutes 1899. Morris v. Railroad, 79 Mo. 367; Rozelle v. Railroad, 79 Mo. 349; Rutledge v. Railroad, 78 Mo. 286; Robinson v. Railroad, 57 Mo. 494; Emmerson v. Railroad, 35 Mo. App. 621; Riggs v. Railroad, 120 Mo. App. 335; Accord v. Railroad, 113 Mo. App. 84; McMillan v. Railroad, 70 Mo. App. 568. (2) The company had full and complete knowledge of the condition of this gate from April to October; their section foreman and hands whose duty it was to repair the fences and gates knew its condition and attempted to fix it, but failed—the facts answer the law of this contention. (3) Appellant asked witness Miller whether in his opinion the wind could shake the gate open, and work the latch back so as to open the gate. Plaintiff objected and the court sustained the objection. There was no error in this, because the witness answered the question, saying "no." (4) There was no error in witness Grubbs telling about the condition of the gate after the horse was killed for the reason the gate was shown to be in the same condition when Grubb examined it as it was before the killing

of the horse.  (5)  It is a sufficient answer to this contention that no recovery was asked on the grounds of any negligence of employees in the operation of the train—in fact these counts of the petition were dismissed—and the jury were so instructed.  (6)  The court did not instruct, at defendant's request, that admissions if any of plaintiff must be taken as true.  This is an old question in this court and has been threshed out and the rule thoroughly established that the instruction is wrong and should have been refused.  Shepard v. Transit Co., 189 Mo. 374; Thorpe v. Mo. Pac., 89 Mo. 657; Campbell v. Stanberry, 105. Mo. App. 66; Bond v. Railroad, 110 Mo. App. 135.

BROADDUS, P. J.—The plaintiff's suit against defendant is for damages for alleged injuries to his horse claimed to have been struck by defendant's engine and cars at a point on its railroad where it was required by the statute to fence its track.  It appears that the animal got upon defendant's right of way through an open gate at a farm crossing.  This farm crossing led from the highway into premises of one Thompson.  The plaintiff's land did not adjoin the railroad.

The plaintiff's testimony tends to show that said gate had not sufficient fastening, hooks or latches to keep it closed; that the post to which it was fastened was broken off and shaky; that the gate did not come sufficiently close to the post to properly fasten; and that by reason of these defects it would not stay closed and on the slightest movement of the wind it would open.  The gate remained in this condition from April to October the latter being the month in which the horse was injured.

The defendant's evidence tended to show that the gate was continuously and persistently left open by trespassers during the time mentioned and that plaintiff with knowledge of these facts turned his horse loose to

graze upon the common, and that he wandered onto the defendant's right of way through said gate. The cause was submitted to the jury upon instructions which returned a verdict for the plaintiff.

The defendant raises various questions. The principal one being that the animal not having escaped from plaintiff's premises adjoining the railroad track the defendant is not liable. But this point must be ruled against the defendant. It is the law of this State that where a railroad passes along a highway, the statute requires the company to fence its track as a police regulation for the protection of the public generally. In such cases where animals get upon the railroad track through want of such fences and are injured the company will be liable to the owner for such injury, whether he be owner of adjoining lands or not. [Riggs v. Railroad, 120 Mo. App. 353, l. c.; Morris v. Railway, 79 Mo. 367; Miller v. Railroad, 47 Mo. App. 630.]

On the trial the defendant asked the witness Miller whether in his opinion the wind could shake the gate open and work the latch back so as to open the gate. The plaintiff objected to the question which objection was sustained. Notwithstanding the objection was sustained by the court the witness answered, no, and the question and the answer were not withdrawn from the jury. It seems from this that the defendant had the benefit of the question notwithstanding the action of the court and the plaintiff was content to allow the answer to remain in the record. The witness further said "That slat fitted in the gate and between the braces, and stayed in the gate so tightly that it couldn't be shoved back six or eight inches by the wind."

Objection was made by the defendant to the action of the court in permitting the plaintiff to prove by witnesses who examined the gate soon after the occurrence that by the working of the gate back and forth the slat holding the gate shut would work out and the gate

would come open. We think the evidence was competent for it tended to show that there had been no change in the condition of the gate. It was shown that the witnesses experimented with the gate by handling it and demonstrated by working the gate the slat would come out. This was a statement of a fact and not the mere conclusion of witnesses.

The defendant complains of the action of the court in refusing to instruct the jury as requested that there was no evidence that defendant's employees who had charge of the train that struck plaintiff's horse were guilty of negligence. This is not an action for negligence and therefore the instruction had nothing to do with the issue. The action of the court was proper.

The defendant complains of the refusal of the court to give instruction No. 12, asked on its part. The said instruction reads as follows:

"The court instructs the jury that while the plaintiff is a competent witness in his own behalf, yet in considering his testimony and determining what weight, if any, you will give to it, you should take into consideration the fact that he is the plaintiff and directly interested in the result of the suit; and any statement he may have made against his own interest, the law presumes to be true, because against his interest, but you should give statements made by him in his own favor only such weight and belief as you may believe from all the facts and circumstances in the case, they are entitled to." On the question raised by this instruction the decisions of the appellate courts in this State are not in harmony. In Feary v. Railroad, 162 Mo. 75, the court held that a similar instruction was proper. In Sheperd v. Transit Co., 189 Mo. 362, the court held that the plaintiff's statement made against his own interest was presumed to be true. There are also other cases to the same effect. But in Montgomery v. Railroad, 181 Mo. 477, the court held that such an instruction was erroneous.

The latter case has met the approval of the Supreme Court in the decision of the late case of Zander v. Transit Co., 206 Mo. 445, 103 S. W. 1006; wherein the court holds that it would amount to a comment on the testimony. It follows that the action of the court in refusing said instruction is proper. No other questions of importance were raised in the case. For the reasons given the cause is affirmed. All concur.