JAMES McCASKEY, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, December 1, 1913.**

1. **DAMAGES: Railroads: Fences.** When a railroad company negligently fails to maintain the kind of enclosure required by law, and, as a consequence of such negligence, an animal strays upon the track and is injured, the owner may recover damages thus inflicted upon him, though the manner of the injury may be outside the purview of the statutory remedies.

2. ————: ————: ————: **Statute.** The remedy provided in Sec. 3145, R. S. 1909, is not available to one whose horse was not injured by a locomotive or train, nor could he maintain an action under the succeeding section since his horse was not frightened or run by a passing locomotive or train.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*D. M. Wilson, J. W. Clapp* and *J. G. Trimble* for appellant.

*Earl F. Nelson* for respondent.

JOHNSON, J.—The appeal in this case is from a judgment plaintiff recovered in the circuit court of Sullivan county in an action for a breach by defendant of its duty to maintain lawful fences on the sides of its railroad where the same passes through the country. A horse owned by plaintiff escaped from a pasture, which was enclosed by a lawful fence, to a public road, traveled a mile or more along that road to a place where an opening in the fence on the north side afforded him access to a private road which ran north to and across defendant's railroad. There were no cattle guards at this crossing and a fence on the north side of the right

of way caused the horse, when he reached that barrier, to turn west and go along defendant's right of way. Finally he took to the track and then fell into a trestle bridge he attempted to cross. He was afterwards extricated by some section men but was so badly injured as to be rendered almost, if not entirely, worthless. The farmer who owned the land over which the private road passed maintained a lawful fence along the north side of the public road which ran east and west. There had been a gate at the place where the private road entered the public road but for sometime before the event in question the gate had been down and as defendant had no fence along the south side of its right of way, which was about 100 yards north of the public road and parallel thereto, there was nothing to prevent the horse from taking the course he pursued to the place of the injury. There is no evidence that the horse was frightened or run by a passing locomotive or train.

The petition contains two allegations of negligence, viz., first, that defendant failed to maintain a good and lawful fence and gate at the place where the horse entered upon the right of way, and second, that defendant's servants negligently injured the horse in removing it from the bridge. There is no proof of the second charge and it will be dismissed from our consideration with the observation that its inclusion in the petition could not affect the right of plaintiff to recover on the remaining charge if it states a good cause of action.

The gist of the action is negligence of defendant in the performance of the duty imposed by section 3145, Revised Statutes 1909, upon railroad companies to maintain lawful fences along the sides of their railroads where they run through the country. The remedy provided in that statute was not available to plaintiff since his horse was not injured by a locomotive or train, nor could plaintiff have maintained an ac-

tion under the succeeding section since the horse was not frightened or run by a passing locomotive or train.

But these statutory remedies so far as they relate to compensatory damages are cumulative, not exclusive. If a railroad company negligently fails to maintain the kind of enclosure required by law and in consequence of such negligence an animal strays upon the track and is injured, the owner may recover the damages thus inflicted upon him, though the manner of the injury may be outside the purview of the statutory remedies. An action will lie for the enforcement of a common law remedy for negligence in the performance of the statutory duty. [Oyler v. Railroad, 113 Mo. App. 375; Gorman v. Railroad, 26 Mo. 441; Hill v. Railroad, 49 Mo. App. 520; same case, 121 Mo. 477.]

The point made by defendant that it owed plaintiff no duty to provide a lawful barrier to prevent his horse from straying from the public road to the railroad has been so often ruled adversely to the position of defendant that we do not think its discussion here would be profitable. Reference to the following cases will disclose that the point is not well taken: Litton v. Railroad, 111 Mo. App. 140; Reed v. Railroad, 112 Mo. App. 575; Oyler v. Railroad, supra; Francis v. Railroad, 118 Mo. App. 435; Smith v. Railroad, 127 Mo. App. 160; Brown v. Railroad, 127 Mo. App. 614.

The judgment is affirmed. All concur.