---

## J. A. FRICK, Appellant, v. MILLERS NATIONAL INSURANCE COMPANY.

### Division Two, July 5, 1919.

**APPEAL: No Assignment.** If appellant's brief in a civil case nowhere distinctly alleges the errors upon which he relies for a reversal of the judgment, either by assignments or points and authorities, Rules 15 and 16 of the Supreme Court require that his appeal be dismissed. Mere statements that "plaintiff is entitled to recover on the undisputed facts," that "Instruction 2 should have been given," etc., do not "distinctly allege the errors committed by the trial court."

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

DISMISSED.

*Fyke & Snider* and *Fenton Hume* for appellant.

*Barger & Hicks* and *White, Hackney & Lyons* for respondent; *Bates, Hicks & Folonie* of counsel.

WILLIAMS, P. J.—This is an action at law to recover an alleged $8,000 loss under a fire insurance policy.

Trial was had in the Circuit Court of Jackson County before the court sitting as a jury, which resulted in a judgment for defendant. Thereupon plaintiff duly appealed to this court.

This case upon practically the same facts, but in a somewhat different form, was before this court before. [Frick v. Millers National Ins. Co., 184 S. W. 1161.]

Appellant's brief contains no assignment of errors. In his brief under the head of "Points and Authorities" we find the following:

"1. Plaintiff is entitled to recover on the undisputed facts.

"2. When the policy was transferred to plaintiff by the Caney Company, the original insurer, defendant was notified of the transfer and requested to substitute plaintiff as insured and only the formal part of transfer remained to be arranged. The policy then became a new contract between plaintiff and defendant. Instruction 2 to this effect should have been given— Instruction 5. Keim v. Ins. Co., 42 Mo. 39, l. c. 41; King v. Ins. Co., 195 Mo. 290, l. c. 307; Andrus v. Ins. Co. 168 Mo. l. c. 165; Bayless v. Ins. Co. 106 Mo. App. 684; Planters Mut. Ins. Co., v. Southern S. F. Co., 56 S. W. 443.

"3. The policy permitted 60 days' vacancy or non-operation, and that length of time had not elapsed after plaintiff became the owner and insured when the fire occurred—Instruction 3.

"4. Plaintiff is not bound by acts of the Home National Bank in its dealings with defendant; the contract between said bank as mortgagee, and defendant, being a separate contract from the one between plaintiff and defendant, and there is no evidence said bank had authority to act for plaintiff—Instruction 4. Morrow v. Lancashire Ins. Co., 29 Ont. 377."

Rule 15 of this court (as amended October 23, 1917— See Supreme Court Rules on page 3 of supplement to 270 Mo. Report) provides, among other things, that "the brief for appellant shall *distinctly allege the errors committed by the trial court . . . No brief . . . which violates this rule will be considered by the court.*"

Tannehill v. Railroad.

This rule works no undue hardship upon the appellant, but when followed saves this court much time and labor in reviewing the case. In fact such a rule is well-nigh indispensable to the proper dispatch of appellate work.

Appellant's brief in the instant case nowhere distinctly alleges the errors upon which he seeks a reversal of the cause, as is required by said rule.

"It has been held that where appellant though making no formal collective assignment of errors in any given part of his brief, yet separately assigns error specifically in distinct subheads of his points and authorities, we will accept this as a substantial compliance with the statute and our rules" (Vahldick v. Vahldick, 264 Mo. 1. c. 532); yet we have never held that a brief complies with this rule when, as here, it nowhere contains a distinct or specific allegation or assignment of error.

Unless Rule 15 is to be treated as a "mere scrap of paper" we are not at liberty to review the case, but under Rule 16, and the practice in regard thereto, it is our duty to dismiss the appeal for failure to comply with our rules. [Vahldick v. Vahldick, 264 Mo. 529 and cases therein cited.]

The appeal is therefore dismissed. All concur.