H. A. Scott, Respondent, v. Missouri-Kansas-Texas Railroad Company, Appellant.

Kansas City Court of Appeals. November 11, 1929.

(1)

2

*A. J. King* for respondent.

*A. E. Elliott* for appellant.

BARNETT, C.—This is a suit for damages. Plaintiff's petition alleges that he was driving five head of horses and two mules along a public road; that the defendant's railroad crossed the public road and at this place defendant had erected a cattle guard just west of the crossing "composed of two standard lateral steel sections on the main line and the remainder was composed of standard steel prongs, except one of the steel prong sections was out and missing and one section of the wing fence south of the cattle guard was down." The petition alleged the facts necessary to show that the place in question was one where defendant was required to maintain fences and a cattle guard under Section 9948, Revised Statutes 1919. It was alleged that while plaintiff was attempting to drive his animals over the railroad crossing they became frightened at some object near the railroad crossing and ran over and across the cattle guard and on the steel prongs thereof, and thereby seven of the animals received injuries and the death of one animal resulted. It was also alleged that

the injuries were occasioned by the negligence of defendant in the erection of the cattle guard with the section of the fence to the cattle guard "being out and gone;" that defendant failed and neglected to keep its fence and cattle guard in repair, and by reason of such failure and negligence plaintiff had been damaged in the sum of $397.50, for which sum, together with the costs, plaintiff prayed judgment. The answer was a denial together with an admission that defendant was a railroad company. The evidence showed that the cattle guard in question was maintained at a place where fences were required as defined by Section 9948, Revised Statutes 1919. There was evidence that plaintiff, assisted by a boy, drove plaintiff's animals up to the place where the railroad intersected the public highway. There was a truck standing on a pair of scales about one hundred feet south of the railroad track. The engine of the truck was started about the time the animals arrived at the crossing and the horses turned and went west through the cattle guard. Plaintiff stated that when the engine of the motor truck was started the animals "were scared some;" that there was a section of the cattle guard out and they headed for that place and went through and hurt their feet. He stated that it looked like one animal went through the space where the section of the cattle guard was out and the others went off on the prongs. The animals were driven off the railroad track, but in going out the same thing occurred. After they were driven out, being somewhat unruly by this time, they crossed the cattle guard a third time in the same manner. There was evidence that the section of the cattle guard had been out for six months or more before the time of the injury to the animals; that the part of the cattle guard that was missing left a space about two and one-half feet wide that led from the public road into the enclosed part of the railroad right of way. Plaintiff stated: "It looked like a gate for these horses; one would head for it and there was only room for one to go through." Another witness, in describing the movements of the horses when they passed onto the right of way, said: "One started through and the others crowded up and went over the guards." Another witness said: "There was one leading the bunch, and they went through the space where the cattle guard was out." The case was tried to the court without a jury. Judgment was rendered for plaintiff and defendant has appealed.

## Opinion.

Appellant contends that a demurrer to the evidence should have been sustained because the evidence conclusively shows that plaintiff's animals were not injured by the engine or cars of the defendant and that no recovery can be had under Section 9948, Revised Statutes 1919, unless there is an actual collision. Appellant further con-.

tends that there can be no recovery under Section 9949, Revised Statutes 1919, because the evidence conclusively shows that the animals were not frightened or run by any passing locomotive, motor car, or other vehicle or train on the railroad. It is undoubtedly the law that no one may recover double damages under Section 9948, Revised Statutes 1919, unless there is a collision with one of defendant's conveyances. [Eggleston v. K. C. Southern R. Co., 177 Mo. App. 346; Hiers v. St. Louis, etc., R. Co., 157 Mo. App. 46; Logan v. St. Louis, etc., R. Co., 111 Mo. App. 674.] It is also plain that plaintiff cannot recover under Section 9949, Revised Statutes 1919, which provides that whenever any livestock shall go on the railroad right of way and the railroad is not at the place or places enclosed by a good fence on both sides of the railroad such as is required by law, or where the railroad has failed to maintain a good and sufficient cattle guard "and such stock by being frightened or run by any passing locomotive, motor car or other vehicle or train on said railroad, shall be injured or killed" etc., the railroad shall be liable for the amount of damages sustained.

In this case plaintiff did not attempt to recover double damages; nor is there anything in the petition or evidence to suggest that the action brought under Section 9948, Revised Statutes 1919. Section 9948 requires the railroad company to construct and maintain cattle guards where fences are required sufficient to prevent horses, cattle, mules, and all other animals from getting on the railroad right of way. In addition to this absolute requirement the statute provides that until the railroad company has complied with the statute it shall be liable for double damages done by its agents, engines or cars. It is well established that plaintiff may maintain a suit for damages due to the failure of the railroad company to maintain cattle guards sufficient to prevent horses, cattle, mules and other animals from getting on the railroad right of way, notwithstanding the fact that the injury is not of that kind which permits the assessment of double damages. Thus a recovery may be had if, by reason of the failure to fence as required by statute, plaintiff's mare got on the railroad right of way and was killed by reason of becoming entangled and falling off of a trestle. [Eaton v. Miss. River, etc. R. Co., 209 S. W. 974; McCaskey v. Quincy, etc., R. Co., 174 Mo. App. 724; Webster v. Davis, 245 S. W. 625; Ingalsbe v. St. Louis, etc., R. Co., 295 Mo. 177.] In the Ingalsbe case the court stated that plaintiff had a right to waive the penalty and pursue his remedy for the compensatory portion of his statutory right and cited the cases of Eaton v. Railroad, 209 S. W. 974, and McCaskey v. Railroad, 174 Mo. App. 724, in support of the doctrine. The court said that it was the duty of the railroad to fence its railroad, and that the provision for penalizing the company in double damages for the killing of or injury to live-

stock by its agents, engines or cars does not have the effect of confining the mandatory provision of the statute to the specific injuries so enumerated, but that it creates a general duty in the railroad company to fence its right of way wherever it passes through enclosed lands or enclosed fields, cultivated or uncultivated. The Supreme Court said: "That this is the law in this State is so well established by many cases determined by this court and the Court of Appeals, that it is no longer open to question." We therefore conclude that the failure of the railroad company to maintain a cattle guard as required by the statute is negligence *per se,* and that the railroad company is liable for any damages directly resulting from its failure to comply with the statute.

Appellant contends that the negligent act alleged in the petition was not the proximate cause of the injury to plaintiff's animals. We are convinced that the absence of the wing fence did not contribute to the injury; but we think that the question as to whether or not the absence of one section of the cattle guard which afforded a passageway through the cattle guard and onto the right of way was the proximate cause of the injury is one concerning which reasonable minds might differ. Therefore, the decision of the question by a jury or by the court sitting as a jury is conclusive in this court.

It is stated in 45 Corpus Juris, 933, 4, that "the instinctive act of an unreasoning animal directly brought about by a negligent act will not break the line of causation so as to become a sufficient intervening cause which will relieve the original negligent actor." Also: "If the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury." The object of requiring cattle guards is to guard against the probability that unreasoning animals will wander such highway onto the right of way. The absence of a section of the cattle guard, leaving an unguarded passage two and one-half feet wide from the highway to the enclosed railroad right of way, afforded no such protection as that contemplated by the statute. The fact that the animals were frightened by the starting of a truck to the extent that they swerved in their course is a matter that any reasonably prudent person would anticipate. Such an occurrence upon a public highway is a usual, ordinary event. We think the evidence is sufficient to indicate that the gap in the cattle guard was an inviting means of escape for the horses that instinctively swerved from the direction from which the sudden noise was heard. Each animal, following its own instinct, attempted to go through the passageway which was not large enough to permit all to pass through at once. It is perfectly natural that some would be crowded out of the narrow path of safety, and that their feet would thus become injured upon the prongs of the

cattle guard. On the other hand, if the cattle guard had been maintained as required by the statute, "sufficient to prevent horses, cattle, mules, and all other animals from getting on the railroad" the instinct of the animals would have steered their course in another direction. Since the failure to comply with the statute was negligence *per se*, the question is, was the negligent maintenance of the cattle guard the proximate cause of the injury, not whether the defendant should have anticipated the particular injuries which occurred. In the absence of a statutory duty it is important to determine whether or not a reasonably prudent person would have anticipated the likelihood of injuries from a certain course of conduct or failure to act. But this inquiry goes to the question as to whether or not the defendant was negligent. It is not important in determining whether or not defendant's act of commission or omission directly resulted in the injuries complained of.

Appellant in its assignment of errors states that the court erred in refusing to give the declaration of law numbered "two" offered by defendant. The abstract of record shows that two declarations of law offered by defendant were refused, but they are not numbered. The one which appears second in order in the abstract of record was in the nature of a demurrer to the evidence. Furthermore, this assignment of error is not mentioned in the points and authorities, the brief, or the argument. This assignment has therefore been abandoned. [Mason v. Wilkes, 288 S. W. 936; O'Howell v. Miller, 11 S. W. (2d) 1068; Burton v. Maupin, 281 S. W. 83; Wood v. Consolidated School Dist., 7 S. W. (2d) 1018; Novosel v. Mid-West Life Ins. Co., 276 S. W. 87.]

The judgment should be affirmed. This commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The judgment is affirmed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.