U. G. MASON, APPELLANT, v. H. G. WARNKE, RESPONDENT.—49 S. W. (2d) 200.

Kansas City Court of Appeals. May 2, 1932.

*Brennan & Fraker* for appellant.

*A. J. Bolinger* for respondent.

ARNOLD, J.—An action in damages for conversion. The cause was tried to the court and jury, resulting in a verdict and judgment for defendant. A motion for new trial was overruled and plaintiff appeals.

At the outset, in his brief, defendant attacks the sufficiency of the record proper and plaintiff's brief. The record proper, as presented in the printed abstract of the record, consists only of the pleadings, to-wit, the first amended petition which is in four counts; the second amended petition in one count; defendant's answer to the first cause of action and answer to plaintiff's second cause of action, and defendant's counterclaim; plaintiff's reply to defendant's answer and counterclaim. This is the sum total of the record of the proceedings contained in the printed abstract before us. There is no reference therein to a verdict and judgment, nor is there any statement that a motion for a new trial was filed and overruled, that a bill of exceptions was ever filed with the trial court, nor that it was ever signed and certified by said court.

However, we do find among the files of the case a typewritten transcript, aside from the printed record, which contains the necessary elements omitted from the printed record, together with the certificate of the trial judge. This transcript, we consider, cures the vices of the printed abstract of the record proper. While a most irregular situation is thus presented, the loose files in the case show that plaintiff had much trouble in securing from the court reporter a transcript for appeal. Under these facts, we hold the record proper to be sufficient. But a more serious situation arises relative to the sufficiency of plaintiff's statement of facts, in that it fails to comply with the rules of this court, and especially that part of our rule 16 (224 Mo. App. 3), which insofar as applicable here, reads as follows:

"The statement filed by the appellant shall consist of a clear and concise statement of the case without argument, reference to issues of law or repetition of testimony of witnesses."

The statement of facts presented in plaintiff's brief fails to give us a clear understanding of the case. The statement consists of fourteen printed lines and fails in all respects to meet the requirements of our rules. The court is unable to obtain a clear understanding of the case without a laborious search of the record, thus defeating the very purpose of the rule. Our rule 18 (224 Mo. App. 4), provides a penalty, as follows:

"If any appellant or plaintiff in error, in any civil cause, shall fail to comply with the provisions of rules 14, 15, 17, and that part of rule 16 relating to the statements, the court, when the cause is called for hearing, will dismiss the appeal or writ of error, continue the cause, at the costs of the party in default. No oral argument will be heard from any counsel failing to comply with the provisions of said rules or parts of rules."

1246

We, therefore, apply the rule and dismiss the appeal. [Sec. 1060, R. S. 1929, and cases there cited; Frick v. Miller's Nat'l Ins. Co., 279 Mo. 156, 158, 213 S. W. 854, 855; Hanchett Bond Co. v. Palm (Mo. App.), 220 S. W. 673.]

Affirmed. All concur.